IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>      **Plaintiff,**<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>      **Defendant.** | Civil Action No. 1:19-cv-01338-AT |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Tyler Technologies, Inc. ("Tyler"), by and through its attorneys, hereby answers Plaintiff's Complaint in the above-referenced matter.

**I.
INTRODUCTION**

1. Tyler admits that Plaintiff seeks to recover overtime wages under the Fair Labor Standards Act ("FLSA"), but denies that she is entitled to relief thereunder. Tyler further denies it violated the FLSA with respect to Plaintiff.

**II.
JURISDICTION AND VENUE**

2. Tyler admits that the Court has subject matter jurisdiction over this case.

3. Tyler admits that venue is proper in this Court and that it is subject to the Court's jurisdiction.

-1-

110705003

## III.
## PARTIES

4. Upon information and belief, Tyler admits that Plaintiff is an individual who resides in Henry County, Georgia.

5. Tyler admits that Tyler is a Delaware corporation registered to do business in Georgia.

6. Tyler admits that it is subject to personal jurisdiction in this Court.

7. Tyler admits that it may be served with process as identified in paragraph 7 of Plaintiff's Complaint.

## IV.
## EMPLOYMENT RELATIONSHIP AND SUCCESSOR LIABILITY

8. Tyler admits the allegations in paragraph 8 of Plaintiff's Complaint.

9. Tyler admits the allegations in paragraph 9 of Plaintiff's Complaint.

10. Tyler admits the allegations in paragraph 10 of Plaintiff's Complaint.

11. Tyler admits the allegations in paragraph 11 of Plaintiff's Complaint.

12. Tyler admits the allegations in paragraph 12 of Plaintiff's Complaint.

13. Tyler admits that on one occasion certain implementation consultants in certain of Tyler's business divisions filed a claim for overtime compensation under the FLSA, but Tyler denies the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. Tyler admits that ExecuTime is no longer a distinct legal entity.

15. Tyler admits the allegations in paragraph 15 of Plaintiff's Complaint but denies that Plaintiff is entitled to the relief she seeks in this action.

16. Tyler can neither admit or deny the allegations in paragraph 16 of Plaintiff's Complaint because they are vague and ambiguous. To the extent a response is required, Tyler denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Tyler admits that it has provided services to most of ExecuTime's customers following Tyler's acquisition of ExecuTime.

18. Tyler admits that it continued to employ most of ExecuTime's employees after Tyler acquired ExecuTime.

19. Tyler admits that it continued to employ most of ExecuTime's employees after Tyler acquired ExecuTime.

20. Tyler admits that it is Plaintiff's employer, but Tyler neither admits nor denies the allegations in paragraph 20 of Plaintiff's Complaint because such allegations state legal conclusions. To the extent a response is required, Tyler denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21. Tyler neither admits nor denies the allegations in paragraph 21 of Plaintiff's Complaint because such allegations state legal conclusions. To the extent

a response is required, Tyler denies the allegations in paragraph 21 of Plaintiff's Complaint.

## V.
## NONEXEMPT EMPLOYEE

22. Tyler admits that Plaintiff's job includes the duties described in paragraph 22 of Plaintiff's Complaint, but denies that paragraph 22 fully states Plaintiff's job description.

23. Tyler admits that Plaintiff was paid a salary at all relevant times and therefore was not compensated at a regular hourly rate of at least $23.29.

24. Tyler denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Tyler denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Tyler admits the allegations in paragraph 26 of Plaintiff's Complaint.

27. Tyler admits the allegations in paragraph 27 of Plaintiff's Complaint.

28. Tyler admits the allegations in paragraph 28 of Plaintiff's Complaint.

29. Tyler admits the allegations in paragraph 29 of Plaintiff's Complaint.

30. Tyler admits the allegations in paragraph 30 of Plaintiff's Complaint.

31. Tyler denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Tyler denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Tyler denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Tyler denies the allegations in paragraph 34 of Plaintiff's Complaint.

110705003

35. Tyler denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Tyler denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Tyler denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Tyler denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Tyler denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Tyler admits the allegations in paragraph 40 of Plaintiff's Complaint.

41. Tyler denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Tyler denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Tyler denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Tyler denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Tyler neither admits nor denies the allegations in paragraph 45 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Tyler neither admits nor denies the allegations in paragraph 46 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

47. Tyler neither admits nor denies the allegations in paragraph 47 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

48. Tyler neither admits nor denies the allegations in paragraph 48 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

49. Tyler denies the allegations in paragraph 49 of Plaintiff's Complaint.

## VI.
## FAILURE TO PAY OVERTIME

50. Tyler admits the allegations in paragraph 50 of Plaintiff's Complaint.

51. Tyler denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Tyler admits that Plaintiff was not paid overtime but denies that she regularly worked in excess of 40 hours per workweek, or that she was entitled to overtime wages.

## VII.
## WILLFULNESS AND LACK OF GOOD FAITH

53. Tyler denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Tyler is without sufficient knowledge or information to admit or deny the allegations in paragraph 54 of Plaintiff's Complaint. To the extent a response is required, Tyler denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Tyler admits that Tyler did not rely on any letter ruling from the Department of Labor regarding Plaintiff's status under the FLSA but denies the remaining allegations in paragraph 55 of Plaintiff's Complaint.

56. Tyler is without sufficient knowledge or information to admit or deny the allegations in paragraph 56 of Plaintiff's Complaint. To the extent a response is required, Tyler denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. Tyler denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. Tyler denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Tyler denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Tyler denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Tyler denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. Tyler denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Tyler denies the allegations in paragraph 63 of Plaintiff's Complaint.

110705003

## COUNT I
## Failure to Pay Overtime Pursuant to 29 U.S.C. §§ 207 and 215(a)(2)

64. Tyler acknowledges that Plaintiff seeks to incorporate by reference previous allegations in paragraph 64 of Plaintiff's Complaint and Tyler likewise incorporates its previous denials and responses.

65. Tyler neither admits nor denies the allegations in paragraph 65 of Plaintiff's Complaint because they are legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. Tyler is without information or belief sufficient to admit or deny the allegations in paragraph 66 of Plaintiff's Complaint. To the extent a response is required, Tyler denies the allegations in paragraph 66 of Plaintiff's Complaint.

67. Tyler admits that neither it nor ExecuTime paid Plaintiff overtime compensation because she was exempt under the FLSA.

68. Tyler denies the allegations in paragraph 68 of Plaintiff's Complaint.

69. Tyler denies the allegations in paragraph 69 of Plaintiff's Complaint.

70. Tyler denies the allegations in paragraph 70 of Plaintiff's Complaint.

## RELIEF SOUGHT

71. Tyler acknowledges that Plaintiff seeks the relief sought in paragraph 71 of Plaintiff's Complaint but denies that Plaintiff is entitled to such relief and further denies that Tyler violated any law.

## **GENERAL DENIAL**

72. All allegations in the Complaint not specifically admitted herein are denied.

## **DEFENSES**

1. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, to the extent Plaintiff is asserting a claim under the Fair Labor Standards Act for compensation outside the applicable statute of limitations, said claim is barred.

2. Subject to and without waiving any prior objection, answers or defenses, Plaintiff is an exempt employee under the Fair Labor Standards Act in that she has met all the criteria for the administrative exemption and, therefore, is not legally entitled to overtime compensation as requested in her Complaint.

3. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler acted in good faith in classifying Plaintiff as an exempt employee based upon her duties and responsibilities.  Such good faith is based upon the applicable statute, regulations and case law.

4.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler states that its conduct was not willful.

5.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler states that Plaintiff's claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

6.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler alleges that Plaintiff is not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiff was paid by Tyler.  Specifically, and without limitation, Plaintiff was, at all relevant times, properly classified as an exempt employee under 29 U.S.C. § 213 *et seq.* and, therefore, is not entitled to overtime as that term is defined by the Fair Labor Standards Act ("FLSA").

7.     Tyler reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having fully answered, Tyler prays that judgment be entered in its favor and for its costs, including reasonable attorneys' fees.

|   |   |
|---|---|
| Dated:   April 16, 2019 | */s/ R. Daniel Beale* |

R. Daniel Beale
Georgia Bar No. 043880
dan.beale@dentons.com
Maxwell R. Jones
Georgia Bar No. 451289
max.jones@dentons.com
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: +1.404.527.4000
Facsimile:  +1.404.527.4198

Paulo B. McKeeby
(*pro hac vice* admission pending)
Texas Bar No. 00784571
paulo.mckeeby@morganlewis.com
Amanda E. Brown
(*pro hac vice* admission pending)
Texas Bar No. 24087839
amanda.brown@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone:  +1.214.466.4000
Facsimile:   +1.214.466.4001

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above was served on the following counsel of record via filing on the Court's ECF system on April 16, 2019:

Mitchell D. Benjamin
Matthew W. Herrington
DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

          */s/ R. Daniel Beale*
          R. Daniel Beale