IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-01338-AT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Suzanne Greene together with Defendant Tyler Technologies, Inc., by and through the undersigned counsel and pursuant to LR 16.2 NDGa, submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1. DESCRIPTION OF CASE:**

**(a) Describe briefly the nature of this action.**

<u>Plaintiff alleges that Defendant violated the maximum hour provisions of the FLSA by failing to pay her at one-and-one-half times her regular hourly rate for all hours she worked in excess of 40 hours per week. Defendant contends that Plaintiff was an exempt administrative employee not covered by the FLSA's maximum hour provisions.</u>

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

*(1)     The Plaintiff's Factual Contentions:*

Greene was employed by ExecuTime Software, LLC as a "project manager" beginning in February 2016. Defendant Tyler Technologies acquired ExecuTime in June 2016 and continued to employ Greene with the title of "implementation consultant" and with substantially identical job responsibilities. At all relevant times, Greene's primary duties included training customers on the use of ExecuTime time-tracking software and providing customers with post-training support relating to the use of ExecuTime software. Plaintiff's primary job duties did not fall within the scope of any of the FLSA's overtime exemptions. Moreover, Plaintiff was not paid on a salary basis (or hourly basis above $27.63), rendering her ineligible for any of the FLSA white-collar exemptions.

Greene regularly worked in excess of 40 hours per week but was not compensated at one-and-one-half times her regularly hour rate, as required by the FLSA (29 U.S.C. sec. 207).

Because Defendant's FLSA violations were willful and were not done in good faith, Plaintiff is entitled to recover—in addition to her unpaid overtime wages and her attorney's fees and costs of litigation—liquidated damages in an amount equal

to her unpaid overtime wages, and the FLSA's two-year statute of limitations should be extended to three years.

**(2)   *Defendant's Factual Contentions:***

Plaintiff commenced employment with Tyler Technologies ("Tyler") after Tyler acquired Plaintiff's previous employer, ExecuTime, in June of 2016. At all relevant times, Plaintiff held the position of implementation consultant. In that role, Plaintiff was and is responsible for working with Tyler's clients to integrate and convert data, train client employees and otherwise oversee the deployment of Tyler's software products in partnership with her client counterparts. Such duties require Plaintiff to work directly on the business operations of Tyler's clients and to exercise discretion and independent judgement on a regular basis while doing so. As such, and because Plaintiff was compensated on a salary basis at the requisite amounts, she at all times qualified as exempt under the white collar exemptions under the FLSA.

**(c)   The legal issues to be tried are as follows:**

1. Whether Plaintiff worked in excess of 40 hours per week in any workweek;

2. Whether Plaintiff was an FLSA-exempt administrative employee (Tyler reserves the right to amend its pleadings or otherwise assert an additional

<u>exemption should discovery reveal that other such exemptions might apply?");</u>

3. <u>Whether Defendant failed to compensate Plaintiff at the required rate for hours worked in excess of 40 hours in any workweek;</u>

4. <u>Whether Defendant's FLSA violations, if any, were "willful" within the meaning of 29 U.S.C. § 255, so as to extend the statute of limitations to 3 years;</u>

5. <u>Whether Defendant's FLSA violations, if any, were done in "good faith" so as to render an award of liquidated damages discretionary with the Court, rather than mandatory;</u>

6. How Plaintiff's damages, if any, should be calculated under the FLSA

**(d)** **The cases listed below (include both style and action number) are:**

Pending Related Cases: <u>None</u>

Previously Adjudicated Related Cases: <u>None</u>

**2.** **THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

| | | |
|---|---|---|
| ☐ | (1) | Unusually large number of parties. |
| ☐ | (2) | Unusually large number of claims or defenses. |
| ☐ | (3) | Factual issues are exceptionally complex. |

|   |      |                                                                          |
|---|------|--------------------------------------------------------------------------|
|   | (4)  | Greater than normal volume of evidence.                                  |
|   | (5)  | Extended discovery period is needed                                      |
|   | (6)  | Problems locating or preserving evidence.                                |
|   | (7)  | Pending parallel investigations or action by government.                 |
|   | (8)  | Multiple use of experts.                                                 |
|   | (9)  | Need for discovery outside United Stated boundaries.                     |
|   | (10) | Existence of highly technical issues and proof.                          |
|   | (11) | Unusually complex discovery of electronically stored information.        |

3.  **COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

Mitchell D. Benjamin
Matthew W. Herrington

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150 Telephone
(770) 859-0754 Facsimile
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Defendant:

**MORGAN, LEWIS & BOCKIUS LLP**

Paulo B. McKeeby
Amanda E. Brown

1717 Main Street, Suite 320
Dallas, TX 75201
(214) 466-4000 (Telephone)
(214) 466-4001 (Facsimile)
paulo.mckeeby@morganlewis.com
amanda.brown@morganlewis.com

4. **JURISDICTION:**

   Is there any question regarding this court's jurisdiction?

   \_\_\_\_ Yes      \_x\_ No

   If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **PARTIES TO THIS ACTION:**

   (a) The following persons are necessary parties who have not been joined:

   None known.

   (b) The following persons are improperly joined as parties:

   None.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

<u>None</u>

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     FILING TIMES FOR MOTIONS:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. INITIAL DISCLOSURES**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures.

**9. REQUEST FOR SCHEDULING CONFERENCE**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10. DISCOVERY PERIOD**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- Plaintiff's job duties;

- Plaintiff's compensation;

- The number of hours worked by Plaintiff; and

- The factual basis of Defendant's decision to classify Plaintiff as FLSA-exempt.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

As a Fair Labor Standards Act case this case is subject to a four-month discovery track. Because of likely scheduling difficulties during summer months and because Plaintiff's counsel will be moving offices in June 2019, the Parties request that a six-month discovery period be granted.

**11.  DISCOVERY LIMITATIONS:**

(a) What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b)      Is any party seeking discovery of electronically stored information?

___X___ Yes    _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

See Entry under (2).

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format. If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files. If either party requests that any Metadata be produced, the parties may discuss the production of metadata and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party</u>

seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **OTHER ORDERS:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

None.

13. **SETTLEMENT POTENTIAL:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on _____ and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead counsel (signature): *s/ Matthew W. Herrington*

Other participants: Charles R. Bridgers

For Defendant: *s/ Paolo McKeeby*

Other participants: Dan Beale; Max Jones

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )    A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(___)   A possibility of settlement, but a conference with the judge is needed.

(___)   No possibility of settlement.

(c) Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d) The following specific problems have created a hindrance to settlement of this case.

None.

**14. TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____ 2019.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 15th day of May 2019.

| | |
|---|---|
| **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** | **DENTONS US LLP** |
| | */s/ R. Daniel Beale* |
| */s/ Matthew W. Herrington* | R. Daniel Beale |
| Mitchell D. Benjamin | Georgia Bar No. 043880 |
| Georgia Bar No. 049888 | dan.beale@dentons.com |

Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff

Maxwell R. Jones
Georgia Bar No. 451289
max.jones@dentons.com

303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: +1.404.527.4000
Facsimile: +1.404.527.4198

**MORGAN, LEWIS & BOCKIUS LLP**

*/Paulo McKeeby*
Paulo B. McKeeby
Texas Bar No. 00784571
paulo.mckeeby@morganlewis.com
Amanda E. Brown
Texas Bar No. 24087839
amanda.brown@morganlewis.com

1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: +1.214.466.4000
Facsimile: +1.214.466.4001

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-01338-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: May 14, 2019

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411
