IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUZANNE GREENE,

        Plaintiff,

vs.                                 Civil Action No. 1:19-cv-01338-AT

TYLER TECHNOLOGIES, INC.,

        Defendant.

## CONSOLIDATED/JOINT DISCOVERY STATEMENT

Plaintiff alleges that Defendant, her former employer, failed to pay her overtime wages required by the Fair Labor Standards Act. Defendant maintains that Plaintiff was properly classified as an exempt administrative employee.

This dispute involves Plaintiff's request to depose counsel of record for Defendant regarding Defendant's good faith defense to Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). On September 24, 2019, Plaintiff's counsel sent Defendant's counsel a copy of a subpoena to testify, as well as a request for documents, on the undersigned counsel, Paulo B. McKeeby ("McKeeby"). (A copy of the subpoena to McKeeby is attached hereto as Exhibit 1). Plaintiff's counsel seeks to depose McKeeby on October 9, 2019. As set forth more fully below, Plaintiff contends that such discovery is necessary based on Defendant's asserted good faith defense to Plaintiff's FLSA claims given that Defendant has

acknowledged that at least part of that defense is based on legal advice from McKeeby. (Please *see* Defendant's response to Interrogatory No. 9, attached hereto as Exhibit 2). Defendant contends that the deposition of its counsel of record is unnecessary given that Plaintiff can obtain the information sought through other sources.

### I.     DEFENDANT'S POSITION

Defendant does not dispute that is has partially waived the attorney-client privilege through its identification of advice from counsel as part of the basis for its good faith defense under the FLSA and its position that it did not act in "bad faith" as defined by the statute. As such, Defendant agrees that counsel for Plaintiff should be able to take limited discovery on the narrow topic of the advice on which Defendant relied in connection with its decision to classify, or maintain as previously classified, Plaintiff as an overtime exempt employee under the FLSA. Defendant submits that Plaintiff could obtain such discovery either through a fact witness deposition or the deposition of the corporate representative. Indeed, Plaintiff has already requested the latter deposition, and one of the topics identified is the legal advice on which Defendant intends to rely at trial in connection with its good faith defense.

Depositions of opposing counsel are permitted only in the narrowest of circumstances, and federal courts "… have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *D.O.T. Connectors, Inc. v. J.B. Nottingham & Co., Inc.,* 2001 WL 34104929 ((N.D. Fla. 2001), citing *West v. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). As such, depositions of opposing counsel have been permitted only when the party seeking the deposition can show (1) no other means exist to obtain this information other than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and, (3) the information is crucial to the preparation of the case. *Floyd v. Suntrust Banks, Inc.*, 2011 WL 2604818, *2 (N.D. Ga. 2011), quoting *Shelton v. A.M. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

Here, Plaintiff's demand to depose Defendant's counsel should be denied because Plaintiff can obtain the information sought through other means. In particular, Plaintiff can take the deposition of a corporate representative, which she already has sought, or a fact witness as to the basis for Defendant's good faith and/or defense to willfulness. Moreover, such avenues of discovery are better sources to obtain the substance of Defendant's belief that Plaintiff was correctly classified under the FLSA given that it is the state of mind of Defendant, not its counsel's

recollection of the advice he gave to the Defendant over the years, that is relevant to Defendant's position that it believed it correctly classified Plaintiff as an exempt employee.

### A.   Plaintiff's Position

Plaintiff noticed Mr. McKeeby's deposition after Defendant specifically identified his advice as being the basis of the good faith defense it is raising in this case. It has provided no description of the advice received in response to Plaintiff's interrogatory nor has it produced any documents evidencing the receipt of such advice, claiming that none exists.

Defendants apparently expect Plaintiff to simply take its word that it acted in good faith, and accept any description of the advice it says it received, without questioning the person who actually gave the advice. Plaintiff has no obligation to do so. Defendant raised good faith as an affirmative defense and has forced Plaintiff's hand. Plaintiffs in FLSA cases frequently depose former (and current) counsel who have provided advice regarding FLSA compliance when a good faith defense has been asserted. Plaintiff's counsel is aware of at least three such cases in which counsel was deposed in this district in recent years: *Hurst v. Youngelson et al.*, 1:15-cv-3560-MLB; *Holdren et al. v. Trop, Inc. et al.*, 1:18-cv-2833-MLB (order attached); and *Vaughan et al v. M-Entertainment Properties, LLC*, 1:14-cv-914-SCJ.

Depositions of current defense counsel have also been permitted in other districts in identical circumstances. *See, e.g., Reyes v. Collins & 74th, Inc.,* No. 16-24362-CIV, 2017 U.S. Dist. LEXIS 101982, at *2-3 (S.D. Fla. June 30, 2017) ("Because Defendants are . . . arguing that any violation . . . was not willful . . . Plaintiff has the right to take defense counsel's deposition concerning the advice she provided to her clients and the information they gave to her in order for her to provide the advice.").

The (foreign) cases Defendants cite are inapposite because they do not involve affirmative defenses that directly implicate counsel's pre-litigation actions. Moreover, Plaintiff has satisfied the requirements for taking an attorney deposition outlined in those cases. There is no *objective* source from which other discovery could be taken that would shed light on the nature of the advice received from Mr. McKeeby or the factual basis for the advice he gave. Plaintiff is fully entitled to depose him.

Should the Court not permit Plaintiff to depose Mr. McKeeby, Plaintiff would alternately request that Defendant's good faith defense be stricken.

**B.     Defendant's Reply**

Plaintiff's response above fails to address Defendant's principal argument that the discovery Plaintiff would seek by deposing Defendant's counsel of record is available through other sources. Indeed, Defendant intends to produce its in-house counsel, Abigail Diaz, as its corporate representative to testify as to matters relevant

to its "good faith" defense, as well as its defense against willfulness, and how Defendant has relied on the advice of counsel in connection with its classification of employees in the same job classification as Plaintiff. Plaintiff simply has not overcome the presumption against taking deposition of outside counsel

The orders cited by Plaintiff are not persuasive. First, the *Hurst* decision provides no analysis or context as to how the court may have arrived at the decision to compel a deposition of counsel, or that any such deposition was even compelled. The *Holdren* order relates more to the issue of waiver of privilege – which Defendant concedes at least at a narrow level – and did not address arguments relating to the propriety of taking the deposition of outside counsel. Similarly, the *Reyes* case cited by Plaintiff did not specifically address the availability of testimony from other sources, and the court ordered the deposition of counsel after a witness was instructed not to answer questions about a "good faith" defense on the basis of attorney client privilege. As such, none of the authority cited by Plaintiff supports ordering the deposition of Defendant's counsel in this case.

Respectfully submitted this 4th day of October, 2019.

| | |
|---|---|
| **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** | **DENTONS US LLP** |
| */s/ Matthew W. Herrington* | */s/ Paulo B. McKeeby* |
| Mitchell D. Benjamin | R. Daniel Beale |
| Georgia Bar No. 049888 | Georgia Bar No. 043880 |
| Matthew W. Herrington | dan.beale@dentons.com |
| Georgia Bar No. 275411 | Maxwell R. Jones |
| | Georgia Bar No. 451289 |
| 3100 Centennial Tower | max.jones@dentons.com |
| 101 Marietta Street | |
| Atlanta, GA 30303 | 303 Peachtree Street, NE |
| (404) 979-3150 | Suite 5300 |
| (404) 979-3170 (facsimile) | Atlanta, GA 30308 |
| benjamin@dcbflegal.com | Telephone: +1.404.527.4000 |
| matthew.herrington@dcbflegal.com | Facsimile: +1.404.527.4198 |
| Counsel for Plaintiff | **REED SMITH LLP** |
| | Paulo B. McKeeby |
| | Texas Bar No. 00784571 |
| | pmckeeby@reedsmith.com |
| | Amanda E. Brown |
| | Texas Bar No. 24087839 |
| | aebrown@reedsmith.com |
| | 2501 N. Harwood St., Suite 1700 |
| | Dallas, TX 75201 |
| | Telephone: +1.469.680.4200 |
| | Facsimile: +1.469.680.4299 |
| | Counsel for Defendant |

US_ACTIVE-149440255.3