IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SUZANNE GREENE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 1:19-cv-1338-AT |

**CONSOLIDATED/JOINT DISCOVERY STATEMENT**

Plaintiff served requests for production on Defendant on July 26, 2019 and received objections and responses from Defendant on August 23, 2019 (attached). Disputes have arisen as to a number of the responses, as well as to a request for employee identities made in Plaintiff's interrogatories. Additionally, Plaintiff renews her request to depose Defendant's counsel, Paulo McKeeby, and requests that the Court compel Mr. McKeeby to produce the documents that were previously subpoenaed.

1.  **Request for Production No. 4** requesting all implementation consultant training materials used since 2 years prior to relevant time period

**Plaintiff's Position**: Defendant made a boilerplate overbreadth objection and has not identified what documents are being withheld or described why the production would be overly burdensome. It also objected on relevance grounds. Following the

30(b)(6) deposition, it is now clear that Defendant used a single job description for all implementation consultants (regardless of their "division"), and received advice from their counsel regarding the classification of implementation consultants generally, rather than for a specific division. The relevance objection has no merit.

**Defendant's Position**: Defendant has produced documents related to the training Plaintiff received as an implementation consultant in its ExecuTime division. Defendant's objection is based on the fact that, in addition to the ExecuTime division, there are over a dozen other Tyler business units with its various divisions that utilized employees with the title of "Implementation Consultant." Those employees may have received training different from that provided to Plaintiff and there may be documents that memorialize that training that were never provided to Plaintiff, did not apply to individuals who worked at ExecuTime, and accordingly, are completely irrelevant to any issue in this litigation. The fact that there may have been a single job description for implementation consultants as of a particular period in time does not mean that the training received by every implementation consultant in every Tyler division was uniform or consistent. Moreover, the training received by other implementation consultants has no relevance to the advice that Defendant may have received from its counsel regarding classification of implementation consultants.  As such, it is overly broad and unduly burdensome

to request the Defendant to compile all training documents provided to each and every implementation consultant across the country over a two year time period.

**Plaintiff's Reply**: Defendants' relevance objections appear to be based on nothing more than speculation, hence the repetition of "may." Defendants apparently have made no investigation as to what information is in the other training materials and their objections should be overruled as lacking any factual basis.

2.   **Request for Production No. 5** requested all emails to/from Plaintiff from company email accounts.

**Plaintiff's Position**: Defendant made a boilerplate objection that the request is "overly broad, unduly burdensome, and not reasonably related to any claim or defense in the lawsuit." Defendant has made no showing that producing these emails would be unduly burdensome. Typically, obtaining emails like the ones requested requires nothing more than applying a filter to an email account and exporting, and the complexity of doing that has no connection to the actual number of emails to be produced. Defendant having provided no specific information about why this request is unduly burdensome, and because the requested documents are obviously relevant to obtaining an accurate picture of Plaintiff's job duties and as evidence of Plaintiff's hours worked, Plaintiff is entitled to the requested production.

**Defendant's Position**: Plaintiff worked for Defendant for over three years. During that time, she sent and received multiple emails on a daily basis. To request, without any specification of particular categories or types of emails, that Defendant produce each and every email that Plaintiff sent or received during her three years of employment is overly broad and unnecessary given the allegations in this case. If Plaintiff can identify a particular category of emails, or a particular subset of emails, that she thinks might be relevant to her claims, Tyler would be willing to produce those; but to ask for each and every email for over a three-year period that might relate to any subject is simply overly broad and would result in the production of thousands of pages of documents that have absolutely no relevance to the case.

**Plaintiff's Reply**: Defendants still fail to offer any meaningful explanation of why this production would be unduly burdensome. Having failed to do so, their objections should be overruled.

3.  **Request for Production No. 9** requested all communications with any person on whose advice it relied as the basis of its "good faith" defense.

    **Request for Production No. 10** requested all documents evidencing the Company's investigation into the propriety of classifying implementation consultants as independent contractors. Similarly, Mr. McKeeby has not

produced his communications with Defendant, which were requested to be produced on October 9, 2019 in a **subpoena dated September 24, 2019.**

**Plaintiff's Position**: Defendant has not produced its communications with Mr. McKeeby relating to the classification of implementation consultants under the FLSA, and it has not stated whether it has withheld any such communications. Similarly, Mr. McKeeby has not produced his communications with Defendants, his notes, and his billing records relating to classification advice he provided to Defendant. While the Court did temporarily relieve Mr. McKeeby of the requirement to be deposed, he did not request leave from producing the requested documents and there is no legitimate basis for him to avoid producing the documents requested. Plaintiff is entitled to the requested production because Defendant's communications with Mr. McKeeby during the 2009 *Beall* litigation is necessary to evaluate the merit of its claim of good faith.

**Defendant's Position**: Defendant has advised Plaintiff that it does not possess documents responsive to Request No. 10.  With respect to Request No. 9, it is overly broad on its face in its request for "all communications" between Defendant and Defendant's counsel.  Again, there are no documents that memorialize the advice Defendant received from the undersigned in connection with its classification of implementation consultants as exempt under the FLSA.  Plaintiff

also seeks documents related to the subpoena that she previously issued in connection with her request to take the undersigned counsel's deposition. At the hearing on that matter, the Court ruled that the deposition would not go forward. Because the deposition was effectively quashed by the Court, Defendant operated under the understandable assumption that the documents requested by the *duces tecum* attached to the subpoena need not be produced. During the hearing, counsel for Plaintiff did not suggest otherwise or raise the issue. Notwithstanding that fact, Plaintiff's counsel now suggests that Defendant should have some obligation under the *duces tecum* to produce previous billing records, notes, and other unspecified communications. Plaintiff has not indicated exactly how billing records or attorney "notes" might relate to Defendant's good faith defense in this case. Moreover, the notes of the undersigned counsel from previous litigation are clearly work product doctrine and moreover, because they were not shared with Defendant, are irrelevant to Defendant's good faith defense in this case. Accordingly, Plaintiff cannot show any justification to compel production of billing records or attorney notes from a lawsuit that was resolved almost nine years ago.

**Plaintiff's Reply**: Defendant was sued in 2009 for the exact same violations it is accused of in this case. Mr. McKeeby represented Defendant in that case. His

communications with Defendant are obviously relevant to the issues in this case. Even their failure to discuss compliance is relevant because it shows a lack of any reasonable inquiry into its obligations under the FLSA. Billing records are relevant to show that Defendants were never billed for advice regarding the proper treatment of implementation consultants under the FLSA. Mr. McKeeby's notes are relevant because they will show that Defendants never provided him with information from which he could have reasonably evaluated the exempt status of Defendant's employees, and that those duties different from Plaintiff's. If Defendants believe there are communications in connection with that litigation that do not fall within the scope of their waiver of the attorney-client privilege, they can submit them to chambers for in camera review. But they cannot avoid production of materials that are likely overwhelmingly relevant to this action by suggesting that some portion *might* not be.

4. **Request for Production No. 11** requested all documents evidencing Plaintiff's performance of work directly related to the management or general business operations of the Company and the Company's customers (within the meaning of 29 CFR § 541.201), **Request for Production No. 13** requested all documents evidencing Plaintiff's exercise of "discretion and independent judgment" within the meaning of 29 CFR § 541.200, and

**Request for Production No. 14** requested all documents evidencing Plaintiff's performance of work described by any of the factors identified in 29 CFR § 541.202(b).

**Plaintiff's Position**: The company states that it has not withheld any documents and refers Plaintiff generally to its document production but has not identified any specific documents that it contends evidence Plaintiff's exempt duties. Defendant cannot respond to a request for production by simply pointing to an enormous pile of documents, a small portion of which may actually be responsive to the request.

**Defendant's Position**: The primary problem with these requests is that Defendant has no way of ascertaining exactly what it is Plaintiff is seeking. Defendant has produced all the documents on which it intends to rely to support its classification of Plaintiff as an exempt employee under the administrative exemption under the Fair Labor Standards Act.  Defendant understands that it will not be able to rely on documents at trial that it has not produced, but Plaintiff should be required to be more specific as to the categories and types of documents that she is requesting.  Instead, Plaintiff's request effectively asks that Defendant review every document that Plaintiff might have authored or touched during her employment and assess whether that document might support Plaintiff's classification.  Such a request is unduly burdensome and over broad.

**Plaintiff's Reply**: Defendant has produced a limited set of documents. It cannot introduce additional documents to support its contention that Plaintiff performed any exempt duties. Because of that, Plaintiff would only requires Defendant to point to the relevant documents from the corpus of documents that it *has* produced. That is not an undue burden and does not require Defendants to comb through every document that Plaintiff ever authored.

5.  **Interrogatory No. 13** requested that Defendant identify all "ExecuTime implementation consultants who worked for the Company during the relevant time period."

**Plaintiff's Position**: Defendant objected based on relevance. This objection has no merit. There were between 3 and 8 implementation consultants employed at any time, based on Defendant's 30(b)(6) testimony. These individuals obviously have relevant information about the *actual* job duties that IC's performed, and not the inflated duties reflected in the company's job description. Plaintiff is entitled to obtain their identities and contact information in order to obtain their testimony for use at summary judgment and trial.

**Defendant's Position**: Plaintiff's account of the deposition testimony reference above is inaccurate. Defendant's corporate representative testified simply that

there were between three to eight implementation consultants employed in the ExecuTime business unit at any one time. There are currently over 600 employees with the title of "Implementation Consultant" company-wide and there would be significantly more than that during the three-year time period covered by Plaintiff's request. The request to identify each and every one of those implementation consultants is over broad and requests information of no relevance to Plaintiff's claims. Defendant would be willing to provide Plaintiff with the identity and last known addresses of the implementation consultants who worked at the ExecuTime division in which Plaintiff was employed.

**Plaintiff's Reply**: Defendants misread the interrogatory. It only requests identification of Executime implementation consultants who worked during Plaintiff's tenure. Plaintiff will not accept only their names and last known addresses. Plaintiff insists on production of their names, addressed, personal phone numbers, and email addresses.

**6.     Deposition of Paulo McKeeby**

**Plaintiff's Position**: Plaintiff renews her request to depose Paulo McKeeby, Plaintiff's current defense counsel. As the Court previously instructed, Plaintiff attempted to obtain information about the advice received by Defendant from Mr. McKeeby during the 2009 *Beall* litigation at the company's 30(b) (6) deposition.

The designated representative could provide virtually no specifics about the information provided to Mr. McKeeby except to state that he was informed of the job duties of three job positions, each of which overlaps to an unspecified degree with the job duties of implementation consultants, and that he simply told them that those three positions were properly classified as exempt. They obtained no information specifically about implementation consultants because that job position did not yet exist. They did not later obtain any new advice specific to implementation consultants. Plaintiff is entitled to depose Mr. McKeeby about the specific information he was given about the three exempt positions about which he provided advice, as well as the specifics of the advice he gave. As long as Defendant continues to maintain its "good faith" defense and deny that its violation was willful, Plaintiff must be permitted to obtain the information necessary for her to prosecute her case effectively. Mr. McKeeby's deposition is the only reasonable path towards that goal.

**Defendant's Position**: First, the above summary of the deposition testimony is once again inaccurate. Specifically the job of implementation consultant did exist at the time of the 2009 *Beall* litigation referenced by Plaintiff and Defendant's corporate representative did not testify otherwise. More significantly, Plaintiff has not provided any reason why it is necessary to take Defendant's counsel's

deposition.  Based on the original authority provided to the Court, such depositions of counsel are presumptively improper, and, in this case, Plaintiff has had the opportunity to depose Defendant's in-house counsel on the subject of Defendant's good faith defense.  To request counsel for Defendant to sit for a deposition to rehash that testimony is unnecessary and harassing.  Plaintiff has not suggested how the information provided to counsel regarding Defendant's job classifications might be relevant to Defendants underlying defense of good faith in this case.  Moreover, Plaintiff is not entitled to information regarding positions other than the implementation consultant job held by Plaintiff.  As such, Plaintiff has not identified a reasonable basis to proceed with the deposition of Defendant's counsel and, accordingly, it should not go forward.

**Plaintiff's Reply**: Plaintiff's statement above and the previously filed response stand on their own. Defendant's 30(b)(6) designee could provide virtually no specific and meaningful information about the advice that Mr. McKeeby offered or the information that he was given. Plaintiff is entitled to take his deposition so she can effectively prove to the jury that Defendant's good faith defense is a sham.

Respectfully submitted this 24th day of October 2019.

| | |
|---|---|
| **DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC** | **Dentons US LLP** |
| *s/ Matthew W. Herrington* | *s/ R. Daniel Beale* |
| Mitchell D. Benjamin | R. Daniel Beale |
| Georgia Bar No. 049888 | Georgia Bar No. 043880 |
| Matthew W. Herrington | dan.beale@dentons.com |
| Georgia Bar No. 275411 | Maxwell R. Jones |
| | Georgia Bar No. 451289 |
| 101 Marietta Street | max.jones@dentons.com |
| Suite 2650 | |
| Atlanta, GA 30303 | 303 Peachtree Street, NE |
| (404) 979-3150 | Suite 5300 |
| (404) 979-3170 (facsimile) | Atlanta, GA 30308 |
| benjamin@dcbflegal.com | Telephone: +1.404.527.4000 |
| matthew.herrington@dcbflegal.com | Facsimile: +1.404.527.4198 |
| Counsel for Plaintiff | **Reed Smith LLP** |
| | Paulo B. McKeeby |
| | Texas Bar No. 00784571 |
| | pmckeeby@reedsmith.com |
| | Amanda E. Brown |
| | Texas Bar No. 24087839 |
| | aebrown@reedsmith.com |
| | 2501 N. Harwood St., Suite 1700 |
| | Dallas, TX 75201 |
| | Telephone: +1.469.680.4200 |
| | Facsimile: +1.469.680.4299 |
| | Counsel for Defendant |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-1338-AT |

### CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: October 24, 2019

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411
