# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-1338-AT |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST CONTINUING REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendant Tyler Technologies, Inc. ("Tyler") serves the following Responses and Objections to Plaintiff's First Continuing Requests for Production as follows:

      b.      Scheduled days off;

      c.      Scheduled vacation days;

      d.      Job responsibilities (including discretionary authority);

      e.      Time keeping responsibilities;

      f.      Responsibilities to travel to and from work sites;

      g.      Any other required responsibilities and/or duties.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad and irrelevant in that it is not reasonably related to the parties' claims and defenses to the extent it seeks the production of documents unrelated to the ExecuTime division in which Plaintiff was employed. Other Tyler divisions may have maintained documents relating to the work schedules and duties of implementation consultants that did not apply to Plaintiff and, therefore, are not relevant to the parties' claims and defenses in the lawsuit. Subject to but without waiving the foregoing objections, Tyler believes that all documents responsive to this Request were produced in connection with its Initial Disclosure production or will be produced in connection with Tyler's responses to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 4**: Produce all training materials used by the Company to train implementation consultants during any portion of the Relevant Time Period as well as the two years preceding the Relevant Time Period.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad and irrelevant in that it is not reasonably related to the

-3-

parties' claims and defenses to the extent it seeks the production of documents unrelated to the ExecuTime division in which Plaintiff was employed. Other Tyler divisions may have maintained documents relating to the training received by implementation consultants that did not apply to Plaintiff and, therefore, are not relevant to the parties' claims and defenses in the lawsuit. Tyler would further direct Plaintiff to the webinar presentation produced to counsel for Plaintiff on July 12, 2019.

**REQUEST FOR PRODUCTION NO. 5**: Produce all emails sent to Plaintiff or received from Plaintiff on any Company email account during the Relevant Time Period.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably related to any claim or defense in the lawsuit. Plaintiff regularly communicated with her supervisors and with other employees at Tyler regarding day-to-day work matters and such email communications have no relevance to the parties' claims or defenses in the lawsuit. Subject to but without waiving the foregoing objections, Tyler has already produced pursuant to its Initial Disclosures emails relating to Plaintiff's bonus and other compensation. If Plaintiff can identify a particular category or categories of emails she seeks, Tyler would assess the breadth and burdensome of such request.

**REQUEST FOR PRODUCTION NO. 6**: Produce all work/shift schedules, attendance sheets, sign-in and sign-out sheets, payroll journals, ledgers, clock-in and clock-out sheets, and all other Documents, letters, copies of e-mail communication, memoranda, notes to file, statements or records of any other oral,

Production, that relate to Plaintiff's job duties as an Implementation Consultant.

**REQUEST FOR PRODUCTION NO. 9**: If You contend that You acted in "good faith" in Your compensation of Plaintiff (within the meaning of 29 U.S.C. §§ 259 or 260), or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), produce all Documents that You contend support this contention. If Your "good faith" included reliance on the advice or counsel of any Person, produce all Communications between such Person and the Company.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Tyler's contention that it acted in "good faith." Subject to but without waiving the foregoing objections, Tyler does not believe it possesses documents specifically responsive to this Request. Tyler further asserts that Plaintiff's job description and other documents that relate to Plaintiff's duties and responsibilities bear on its "good faith" under the FLSA.

**REQUEST FOR PRODUCTION NO. 10**: If You contend that You acted in "good faith" in Your compensation of Plaintiff (within the meaning of 29 U.S.C. §§ 259 or 260), or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), produce all Documents evidencing the substance of the any

investigations that You conducted into Your obligations under the FLSA prior to the end of the Relevant Time Period.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Tyler's contention that it acted in "good faith." Subject to but without waiving the foregoing objections, Tyler does not believe it possesses documents specifically responsive to this Request. Tyler further asserts that Plaintiff's job description and other documents that relate to Plaintiff's duties and responsibilities bear on its "good faith" under the FLSA.

**REQUEST FOR PRODUCTION NO. 11**: If You contend that during the Relevant Time Period Plaintiff had the primary duty (within the meaning of 29 CFR § 541.700) of performing office or non-manual work directly related to the management or general business operations of the Company or the Company's customers within the meaning of 29 CFR § 541.201:

    a.    Produce all Documents that materially relate to the factual basis of this contention;

    b.    Produce all Documents that evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler refers Plaintiff to documents produced in

connection with its Initial Disclosures, and this Request for Production, that relate to Plaintiff's job duties as an Implementation Consultant.

**REQUEST FOR PRODUCTION NO. 12**: If You contend that during the Relevant Time Period Plaintiff performed work in any of the functional areas listed in 29 CFR § 541.201 (b) (i.e. , tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, government relations, computer network, internet and database administration, legal and regulatory compliance):

    a.    Produce all Documents that materially relate to the factual basis of this contention;

    b.    Produce all Documents that evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

**RESPONSE**:   Tyler does not contend that Plaintiff performed work in the functional areas identified in 29 C.F.R. § 541.201(b).

**REQUEST FOR PRODUCTION NO. 13**: If You contend that during the Relevant Time Period the Plaintiff exercised "discretion and independent judgment" within the meaning of 29 CFR § 541.200 with respect to the matters of significance:

-8-

a. Produce all Documents that materially relate to the factual basis of this contention;

b. Produce all Documents that evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler refers Plaintiff to documents produced in connection with its Initial Disclosures, and this Request for Production, that relate to Plaintiff's job duties as an Implementation Consultant.

**REQUEST FOR PRODUCTION NO. 14**: If You contend that during the Relevant Time Period Plaintiffs performed work on Your behalf that is described by any of the factors identified in 29 CFR § 541.202(b):

a. Produce all Documents that materially relate to the factual basis of this contention;

b. Produce all Documents that evidence the amount of time that elapsed while Plaintiff performed such work during each workweek;

c. Produce all Documents that evidence how Plaintiffs were informed, trained or notified that Plaintiffs had such authority.

**RESPONSE**: Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler

-9-