IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUZANNE GREENE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TYLER TECHNOLOGIES, INC., | : | CIVIL ACTION NO. |
| | : | 1:19-CV-01338-AT |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Parties' Consolidated/Joint Discovery Statement [Doc. 33] ("Statement"). This is the third Joint Discovery Statement filed in this case, and the Court has previously held a discovery conference in this matter on October 8, 2019. While several of the issues raised in the instant Statement are new, some issues return from prior disputes. The Court has reviewed the Parties' positions and the attached discovery materials, arguments as to relevance, privilege (and waiver thereof), and proportionality, and provides the following guidance on these matters.

**Request for Production No. 4.** Defendant's objection is overruled in part. The Court finds that training materials provided to other ExecuTime implementation consultants are within the scope of discovery. However, while Plaintiff points to a common job description for implementation consultants, Plaintiff has not shown any factual predicate that implementation consultants

outside of ExecuTime received *similar training*. Accordingly, Defendant is **DIRECTED** to produce training materials for all implementation consultants employed within the ExecuTime division since 2 years prior to the relevant time period. Plaintiff may renew her request for training materials for all implementation consultants employed by Defendant if she can establish that implementation consultants in other departments received a core of similar training, even if there may be some variations by expertise or subject matter..

**Request for Production No. 5.** Defendant's objection is overruled. The Court can discern no reason why filtering for emails to and from Plaintiff would be unduly burdensome, particularly if they are produced electronically. (See Parties' Joint Prelim. Report and Discov. Plan ¶ 11(b)(2), ("Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format.") Doc. 13 at 10).  Defendant is **DIRECTED** to produce all emails to or from Plaintiff from company accounts, but it may renew its objection if it can make a showing of burdensomeness based on a specific technological limitation.

**Request for Production No. 9, 10.** Request No. 10 seeks "all documents evidencing the Company's investigation into the propriety of classifying implementation consultants as independent contractors." Defendant states that there are no documents responsive to this request. The Court reviewed the 30(b)(6) Deposition of Abigail Diaz-Pedrosa, Defendant's Chief Legal Officer. On page 18, Ms. Diaz-Pedrosa is asked about the information provided to Defendant's

counsel in making a determination that implementation consultants are exempt and answers as follows:

```
11        Q    What information was given to Mr. McKeeby
12   prior to him making that determination?
13        A    The information would have included job
14   descriptions for those individuals or for that type
15   of role, information about training for that role,
16   information about Tyler's business and the business
17   of our clients that the implementation consultants
18   are used to advance.
19             At least each of those three buckets of
20   information would have been provided and discussed.
```

Defendant's position that no documents are responsive to Request No. 10 is doubtful in light of this deposition response. To the extent they exist, Defendant is **DIRECTED** to produce any investigative materials, job descriptions, time studies, observations, pay studies, or job requirements provided to Defendant's counsel.

The remainder of the objection deals with documents requested pursuant to the subpoena *duces tecum* issued to Defendant's counsel. Defendant's good faith defense is based, at least in part, on the advice Defendant received from Defendant's counsel in a prior case, the *Beall* litigation. (Def.'s Resp. to Pl.'s Interrogatory No. 11). Defendant has acknowledged that this constituted a waiver of the attorney–client privilege as to this advice. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir.), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994). While the Court did direct that the deposition of Defendant's counsel not go forward, the Court does agree that the records sought by the subpoena may be probative of the question of whether the advice was in fact given. Accordingly, as to the billing records, communications, and notes, the Court will

conduct an *in camera* review of the materials. Defendant is **DIRECTED** to deliver to chambers all billing records, communications, and notes from the *Beall* litigation which relate to classification of implementation consultants.

**Request for Production Nos. 11, 13, 14.** Plaintiff requests that Defendant identify the documents it has produced which are responsive to these requests. In the Court's Standing Order, Part III.d.iv, the Court provides direction to parties responding to requests for production. (Doc. 5 at 17–18). Specifically,

> When responding to requests, materials (including electronically stored information), should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). Documents should be produced either with labels corresponding to the categories in the specific requests to which they respond or in the manner in which they are kept in the usual course of business. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules. The certification procedure of Fed. R. Civ. P. 26(g) is applicable.

(*Id.*) Defendant is **DIRECTED** to revise its response to Requests No. 11, 13, and 14 to identify, by Bates number or otherwise, which documents are responsive to which requests.

**Interrogatory No. 13.** This interrogatory seeks identification of all ExecuTime implementation consultants (currently or formerly) employed by Defendant during the relevant time period. Defendant's objection to relevance and overbreadth is overruled. Defendants are **DIRECTED** to identify all ExecuTime implementation consultants who worked during Plaintiff's tenure. Such identification need only provide the full name and last known address. If Plaintiff's attempts to reach such current and former employees at their last known address

are unsuccessful, she may then request more contact information as to those specific employees.

**Deposition of Paolo McKeeby.** At the previous discovery conference, the Court did not permit deposition of Defendant's counsel, instead directing Plaintiff to first depose Defendant's 30(b)(6) witness regarding the advice Defendant's counsel provided. While Defendant indicated that it would waive privilege for the deposition, the Court's review of the deposition indicates that Defendant obstructed these efforts. For example, on pages 18–19 of the deposition:

```
21      Q    Are there any document -- is there any
22   documentary evidence showing that that -- you know,
23   what was actually conveyed to him in writing?
24      A    In writing?
25      Q    Uh-huh.
 1      A    No.
 2      Q    So all of this was oral?
 3           MR. McKEEBY:  I need to object to the
 4   question as it's outside the scope of the corporate
 5   designation.
 6           You didn't ask about what information was
 7   provided to me, you only asked about the substance
 8   of my communications with the company.
 9           MR. HERRINGTON:  Are you telling her not
10   to answer?
11           MR. McKEEBY:  I'm not.  I'm advising that
12   I don't think she can answer on behalf of the
13   corporation on the topic -- or rather, on the
14   question because it's not properly identified as a
15   topic designation.
16           I'll let her continue and answer the
17   question.
```

Defendant's objection at 18:3–19:8 is clearly contrary to the Court's directive. *See also id.* (21:13–15, 24, 22:3–4 ("You're not asking -- you said nothing that would suggest that you would ask questions about legal advice.")).

While the transcript does not provide the factual predicate necessary to justify a deposition of Defendant's counsel, Defendant has hindered Plaintiff's efforts to obtain such a factual predicate. Defendant is **DIRECTED** to make Plaintiffs choice of (a) Ms. Diaz as its 30(b)(6) witness or (b) Defendant's President and CEO Lynn Moore (who was the general counsel at the time of the *Beall* litigation) available for a subsequent deposition, not to exceed one hour, limited to the issue of the advice given by Defendant's counsel during the *Beall* litigation regarding classification of implementation consultants as exempt employees.

For the foregoing reasons, it is **ORDERED** that the Parties comply with the foregoing directions. Defendant shall comply with all aspects of this order, other than the deposition, by **NO LATER THAN NOVEMBER 13** and promptly file a certificate of compliance. Defendant shall make available Plaintiff's choice of witness for a deposition at a mutually agreeable time and place, but in any event no later than two weeks from the date of filing Defendant's certificate of compliance.

**IT IS SO ORDERED** this 1st day of November, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**