IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>**Plaintiff,**<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>**Defendant.** | Civil Action No. 1:19-cv-01338-AT |

### NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

Pursuant to Fed R. Civ. P. 30(b)(6), please take notice that Plaintiff, by and through the undersigned attorney, will take the deposition by oral examination of an Officer(s), agent or designated representative(s) of Tyler Technologies, Inc., as to the matters set forth in <u>Attachment A</u> hereto on **October 9, 2019 at 10:00 a.m.** at the offices of Dentons US, LLP, 303 Peachtree Street, NE, Suite 5300, Atlanta, Georgia 30308, unless another time and place can be mutually agreed upon by the parties. This deposition will be taken for all purposes allowed under the Federal Rules of Civil Procedure and will be recorded by audio and by certified court reporter.



EXHIBIT: 1
NAME: PIF
DATE: 10-9-2019
J Leitz Moran

Dated September 23, 2019.

                                    **DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

                                    */s/ Matthew W. Herrington*

3100 Centennial Tower          Matthew W. Herrington
101 Marietta Street              Ga. Bar No. 275411
Atlanta, Georgia 30303         Mitchell D. Benjamin
(404) 979-3150                    Ga. Bar No. 049888
(404) 979-3170 (f)
benjamin@dcbflegal.com        Counsel for Plaintiff
matthew.herrington@dcbflegal.com

## ATTACHMENT A

*Please take notice that the Defendant Tyler Technologies, Inc. (hereinafter "You" or "the Company") deposition will be taken pursuant to Fed R. Civ. P. 30(b)(6). Please be advised that, pursuant to Fed R. Civ. P. 30(b)(6), the Company has the duty to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization.*

*To the extent that You take the position that these topics are not stated with reasonable particularity, please notify Plaintiff's counsel as soon as possible for clarification.*

*The matters for examination at this deposition are as follows:*

1. The Company's general business activities in calendar years 2016 through 2019.

2. The annual percentage share of the Company's gross revenues derived from the provision of implementation consulting services in calendar years 2016 through 2019.

3. The annual relative percentage shares of the Company's gross revenues derived from the provision of "project management," "implementation consulting," "go live," and technical support services in calendar years 2016 through 2019.

4. The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "identifying technical issues related to the conversion of client data to Tyler systems by troubleshooting problems

and/or escalating problems to other departments," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

5. The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "ensuring that implementation projects were on track to meet milestones and deadlines through coordination with Tyler's clients," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

6. The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "reporting any problems with respect to meeting client or internal deadlines, advising her supervisors of such problems and making recommendations to address them," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

7. The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "scheduling and coordinating training sessions with client representatives and tailoring such sessions to particular client needs," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

8.  The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "assessing the effectiveness of training and whether additional training, one-on-one training, or topic specific "workshops" might be appropriate," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

9.  The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "assessing and making recommendations as to whether implementation projects could proceed to subsequent stages, including 'going live' with the software and 'passing' the client to Tyler's support team," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

10. The factual basis of the Company's contention that Plaintiff exercised judgment and discretion in "generally assessing client needs, client satisfaction, and whether the implementation project was proceeding consistent with client expectations and within contractually proscribed deadlines," including any specific instances that Plaintiff exercised such discretion that the Company can identify.

11. The terms of all settlement agreements that the Company has entered into involving claims under the Fair Labor Standards Act or state wage and hour

laws, including the identities of the parties involved, the dates of execution of such settlement agreements, and the substance of any documents memorializing such settlement agreements.

12. The factual basis of any contention by the Company that Plaintiff has misrepresented, distorted, exaggerated, falsified or been untruthful in communicating any statement to any employee or agent of the Company or to anyone concerning Plaintiff's work for the Company.

13. All efforts undertaken by the Company through the end of March 2019 to determine its obligations under the FLSA with respect to implementation consultants, and the identity of any documents memorializing such efforts.

14. Each instance of litigation or arbitration in which the Company or ExecuTime have been parties that involved claims under the Fair Labor Standards Act or state wage and hour laws, including the forum of each, any case number, the identities of all parties, the resolution, the amount of any judgment entered, and the material substance of any dispositive orders or arbitrator decisions entered.

15. The substance of any communications with any attorney regarding the classification of implementation consultants (or other individuals with job duties similar to those of implementation consultants) as exempt or non-

exempt from the FLSA's maximum hour requirements, including the date(s) of any such communications and the individuals who were parties to such communications.

16. The substance of any communications between the Company and ExecuTime relating to the treatment of implementation consultants (or other employees with job duties similar to those of implementation consultants) as exempt or non-exempt from the FLSA's maximum hour requirements.

17. The job duties of ExecuTime Implementation Consultants from February 2016 through March 2019.

18. Plaintiff's job duties, to the extent they differed from the job duties of other ExecuTime Implementation Consultants.

19. The percentage of Plaintiff's work time devoted to FLSA-exempt versus non-exempt job duties.

20. How Plaintiff's job duties changed, if at all, following the acquisition of ExecuTime by the Company, and following Plaintiff's change in title from Project Manager to Implementation Consultant.

21. The content and circumstances of creation of all job descriptions for Implementation Consultant or Project Manager positions that ExecuTime

and/or the Company created, published, or transmitted to third parties at any time from January 2016 through March 2019.

22. The content of all electronic communications between Plaintiff and all Tyler Technologies employees produced (or requested to be produced) in this litigation from January 2016 through March 2019.

23. The content of all files maintained by the Company on Plaintiff, including but not limited to personnel files.

24. The material terms of all contracts between the Company and any of its customers on whose projects Plaintiff performed any work.

25. The content and circumstances of creation of all time and pay records for Plaintiff.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>**Plaintiff,**<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>**Defendant.** | Civil Action No. 1:19-cv-01338-AT |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: September 23, 2019

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
