IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUZANNE GREENE,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.

Civil Action No. 1:19-cv-1338-AT

DEFENDANT'S ANSWERS AND OBJECTIONS TO
PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Tyler Technologies, Inc. ("Tyler") serves the following Answers and Objections to Plaintiff's First Continuing Interrogatories as follows:

-1-

US_ACTIVE-148903259.3

# I.
## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify each exemption to the FLSA's maximum hour provisions that you contend were applicable to Plaintiff during the Relevant Time Period, Describe in detail the factual basis for such contentions, and Identify all Documents that You contend evidence or support that contention.

**ANSWER**: Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the administrative exemption under the Fair Labor Standards Act ("FLSA").  Subject to but without waiving the foregoing objections, Tyler responds as follows:

- Plaintiff was classified as exempt under the FLSA under its administrative exemption;

- The "factual basis" of Plaintiff's classification is that she was compensated on a salary basis that exceeded the amount required under the Department of Labor's regulations to the FLSA, her primary duty involved the performance of office or non-manual work directly related to the general business operations of Tyler's customers, and her primary duties included the exercise of discretion and independent judgment with respect to matters of significance, namely the implementation of time and attendance systems of Tyler's ExecuTime clients.  Plaintiff's exercise of judgment and discretion in the performance of her duties was manifested in a variety of ways, including the following:

  - Coordination and prioritization of her weekly schedule;

  - Decision-making with respect to prioritizing the multiple implementation projects to which she was assigned;

US_ACTIVE-148903259.3

- Identifying technical issues related to the conversion of client data to Tyler systems by troubleshooting problems and/or escalating problems to other departments;

- Ensuring that implementation projects were on track to meet milestones and deadlines through coordination with Tyler's clients;

- Reporting any problems with respect to meeting client or internal deadlines, advising her supervisors of such problems and making recommendations to address them;

- Scheduling and coordinating training sessions with client representatives and tailoring such sessions to particular client needs;

- Assessing the effectiveness of training and whether additional training, one-on-one training, or topic specific "workshops" might be appropriate;

- Assessing and making recommendations as to whether implementation projects could proceed to subsequent stages, including "going live" with the software and "passing" the client to Tyler's support team; and/or

- Generally assessing client needs, client satisfaction, and whether the implementation project was proceeding consistent with client expectations and within contractually-proscribed deadlines.

- There are various documents that have been produced in this case that reflect the job duties described above, including the following: Plaintiff's resume, the job description of an implementation consultant, and various documents reflecting projects on which Plaintiff worked, including the Turlock implementation in Turlock, California.

-3-

**INTERROGATORY NO. 2**:  If You contend that, with respect to her work for the Company, Plaintiff had the primary duty of "[t]he application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications" within the meaning of 29 C.F.R. § 541.400(b)(1), Describe fully the factual basis of that contention and Identify all Documents that evidence or support that contention.

**ANSWER**:  Tyler does not contend that Plaintiff had the primary duty of a computer programmer within the meaning of 29 C.F.R. § 541.400(b)(1).

**INTERROGATORY NO. 3**:  If You contend that, with respect to her work for the Company, Plaintiff had the primary duty of "[t]he design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications" within the meaning of 29 C.F.R. § 541.400(b)(2), Describe fully the factual basis of that contention and Identify all Documents that evidence or support that contention.

**ANSWER**:  Tyler does not contend that Plaintiff had the primary duty of a computer programmer within the meaning of 29 C.F.R. § 541.400(b)(2).

US_ACTIVE-148903259.3

**INTERROGATORY NO. 4**:   If You contend that, with respect to her work for the Company, Plaintiff had the primary duty of "[t]he design, documentation, testing, creation or modification of computer programs related to machine operating systems" within the meaning of 29 C.F.R. § 541.400(b)(3), Describe fully the factual basis of that contention and Identify all Documents that evidence or support that contention.

**ANSWER**:  Tyler does not contend that Plaintiff had the primary duty of a computer programmer within the meaning of 29 C.F.R. § 541.400(b)(3).


**INTERROGATORY NO. 5**:   If You contend that, with respect to her work for the Company, Plaintiff had the primary duty "[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" within the meaning of 29 C.F.R. § 541.300(a)(2), Describe fully the factual basis of that contention and Identify all Documents that evidence or support that contention.

**ANSWER**:  Tyler does not contend that Plaintiff was an exempt professional within the meaning of 29 C.F.R. § 541.300(a)(2).


**INTERROGATORY NO. 6**:  During the Relevant Time Period and for each workweek therein:

US_ACTIVE-148903259.3

A.    State the beginning and ending day of each seven-day period, if any, the Company used as its workweek;

B.    State the actual number of hours that You contend Plaintiff worked during each workweek;[1] and

C.    State the total compensation (cash and non-cash benefits), including bonuses, You contend that Plaintiff received for each workweek, including the value of any employee benefits (e.g., health insurance).

*Business/Payroll records that provide all the information sought in this Interrogatory may be produced in lieu of a written response to this Interrogatory with the understanding that You are verifying the content therein as required by the Federal Rules of Civil Procedure.*

**ANSWER**:   Tyler objects to this Interrogatory to the extent it seeks information about divisions or departments other than that in which Plaintiff worked during her employment.  Tyler further objects to this Interrogatory on the grounds that it seeks irrelevant information not related to the parties' claims or defenses in its request for a valuation of employee benefits which Plaintiff may have received during her employment with Tyler. Subject to but without waiving the foregoing objections, Tyler responds as follows:

A.    The ExecuTime division in which Plaintiff worked did not have a formal "workweek" but, in general, for payroll and scheduling

---

[1]    This Interrogatory seeks information as to the actual number of hours worked, not necessarily a recitation of what Your records indicate that Plaintiff worked, if that amount differs from the information contained in Your records.

US_ACTIVE-148903259.3

purposes, employees were expected to be at work Monday through Friday;

B.      Tyler does not "contend" that Plaintiff worked a particular number of hours during particular work weeks and, as such, is not able to provide an answer to subpart B of this Interrogatory.  Tyler believes that the hours that Plaintiff worked during particular work weeks are reflected in the time records that Plaintiff entered as to her weekly hours worked and that are reflected in payroll and other documents produced in this case;

C.      Tyler is not able to fully answer subpart C of this Interrogatory because it does not necessarily place a particular "value" on particular employee benefits.  Plaintiff's "total compensation" can be identified through payroll records already produced in this case.

**INTERROGATORY NO. 7**:   Describe   fully   the   job   duties   that   Plaintiff performed for the Company during the Relevant Time Period stating the percentages of Plaintiff's work week that each of those duties required.

**ANSWER**:   Tyler refers Plaintiff to its answer to Interrogatory No. 1 herein as well as to Plaintiff's job description and other documents related to the performance of Plaintiff's job duties already produced in this litigation. Tyler cannot answer this question with respect to identifying the "percentages of Plaintiff's work week that each of those duties required" as the amount of time that Plaintiff spent on particular duties fluctuated from week to week and would vary based on particular client needs, project specifications, or other considerations.

**INTERROGATORY NO. 8**:   Identify   each   Person   that   You   contend   has knowledge of Plaintiff's actual hours worked during the Relevant Time Period and

US_ACTIVE-148903259.3

Identify all Documents that You contend evidence Plaintiff's actual hours worked in each workweek.

**ANSWER**:   Tyler believes that Plaintiff has knowledge of the hours she worked during the relevant time period and that such hours are accurately reflected in her time records produced by the parties in this case.

**INTERROGATORY NO. 9**:   If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), State fully the factual basis for such contention and Identify any Documents that evidence the factual basis of that contention.

**ANSWER**:   Tyler's "good faith" and lack of "willfulness" as to Plaintiff's exempt classification is supported by, 1.) the fact that Plaintiff was classified as exempt by her previous employer which Tyler acquired in June of 2016; 2.) the fact that other similarly-situated employees are classified as exempt in the industry; and 3.) the fact that Plaintiff's job duties, as set forth in Tyler's response to Interrogatory No. 1 herein, demonstrate that she qualified as an exempt administrative employee under the FLSA.

**INTERROGATORY NO. 10**:   If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Identify every Person from whom you have received advice (including but not

US_ACTIVE-148903259.3

limited to legal advice, regarding the Company's potential FLSA overtime obligations to ExecuTime implementation consultants or other individuals who performed substantially similar duties; describe the substance of the advice; state when the advice was given; Describe in detail the circumstances under which the advice was given; and Identify any Documents reflecting or relating to the advice.

**ANSWER**: Tyler's contention that it acted in "good faith" under the FLSA is based in part on communications with the undersigned outside counsel, and in particular in the course of the Beale litigation referenced in Plaintiff's complaint.   Specifically, the undersigned counsel has provided Tyler with advice regarding the exempt classification under the FLSA's administrative exemption of certain employees of Tyler who performed duties similar to Plaintiff and/or held the title of implementation consultant.  By way of further response, Tyler responds that there are no memorandum or other documents containing such legal advice.

**INTERROGATORY NO. 11**: If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Describe in detail all investigations that You conducted into the Company's obligations under the FLSA to Plaintiff and/or other ExecuTime implementation consultants (or individuals performing duties substantially similar to those of ExecuTime implementation consultants) prior to the end of the Relevant Time Period.

US_ACTIVE-148903259.3

**ANSWER**:  Tyler objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "investigations."   Subject to but without waiving the foregoing objections, Tyler refers Plaintiff to its response to Interrogatory No. 9 herein.

**INTERROGATORY NO. 12**: If You have taken any written (whether sworn or otherwise) or otherwise recorded statements (whether recorded by analog or digital means) from any Person regarding matters at issue in this litigation, please Identify each Person from whom a statement was taken and Describe fully the substance of each statement.

**ANSWER**:  Tyler has not taken any written or recorded statements in this case.

**INTERROGATORY NO. 13**: Identify all ExecuTime implementation consultants who worked for the Company during the Relevant Time Period.

**ANSWER**:  Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14**: If you contend that Plaintiff has misrepresented, distorted, exaggerated, falsified or been untruthful in communicating any statement (1) to any employee or agent of the Company during the course of her work for the

-10-

US_ACTIVE-148903259.3

Company, or (2) to anyone concerning Plaintiff's work for the Company, either prior to, during, or following the Relevant Time Period, or (3) to anyone if you contend such alleged misrepresentation, distortion, exaggeration, falsification or untruth may constitute or lead to the discovery of evidence admissible for impeachment, please describe in full detail the alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s), including a description of the subject matter; the date(s) of any communication(s) by Plaintiff; the Identities of all Persons who have personal knowledge of any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s)by Plaintiff; and the location and custodian of any and all Documents that evidence any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s) by Plaintiff.

**ANSWER**: Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that it is overly broad, and vague and ambiguous, in its request to identify each and every statement from Plaintiff, either during her employment or otherwise, that might not be accurate or would qualify as a "exaggeration" or "distortion" or that otherwise might be responsive to this Interrogatory.

**INTERROGATORY NO. 15**: Identify all previous litigation and arbitrations in which current or former employees of Tyler Technologies have asserted claims arising under the Fair Labor Standards Act or state wage and hour laws. As to each

-11-

such instance of litigation or arbitration, Identify the forum, case number, parties, and resolution, and Identify any judgments, judicial orders, or arbitrator's opinions issued.

**ANSWER**: Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16**: Identify all settlement agreements that the Company has entered into involving claims under the Fair Labor Standards Act or state wage and hour laws. As to each such settlement, Identify all parties involved and Identify all Documents memorializing such settlement agreements.

**ANSWER**: Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.  Tyler further objects to this Interrogatory on the grounds that it is overly broad in that many or all of Tyler's releases with its employees included language reflecting release of claims related to employee compensation.  Tyler further objects to this Interrogatory on the grounds that such releases, in most cases, were executed with the mutual understanding of Tyler and the employee that such documents would remain private and confidential.

-12-

Dated:  September 13, 2019

/s/ Paulo B. McKeeby
R. Daniel Beale
Georgia Bar No. 043880
dan.beale@dentons.com
Maxwell Jones
Georgia Bar No. 451289
max.jones@dentons.com
Dentons US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: +1.404.527.8489
Facsimile: +1.404.527.4198

Paulo B. McKeeby
(admitted *pro hac vice*)
TX State Bar No. 00784571
pmckeeby@reedsmith.com
Amanda E. Brown
(admitted *pro hac vice*)
TX State Bar No. 24087839
aebrown@reedsmith.com
**REEDSMITH LLP**
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
Telephone:  +1.469-680-4200
Facsimile:   +1.469-680-4299

**ATTORNEYS FOR DEFENDANT**

US_ACTIVE-148903259.3

## **VERIFICATION**

I, Hillary Pasch am Product Owner with Tyler Technologies in Jacksonville, North Carolina, and am authorized to sign this Verification on behalf of Defendant Tyler Technologies. I verify that the statements made in the foregoing Answers and Responses to Plaintiff's First Continuing Interrogatories are true and correct to the best of my knowledge, information and belief.

*Hillary Pasch*
Hillary Pasch

-14-