## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE, | |
| Plaintiff, | |
| vs. | Civil Action No. 1:19-cv-1338-AT |
| TYLER TECHNOLOGIES, INC., | |
| Defendant. | |

---

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST CONTINUING REQUESTS FOR ADMISSION

---

Pursuant to Federal Rule of Civil Procedure 36, Defendant Tyler Technologies, Inc. ("Tyler") serves the following Responses and Objections to Plaintiff's First Continuing Requests for Admission as follows:

I.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that Greene was employed by

ExecuTime Software, LLC as a "project manager" beginning in February 2016.

**RESPONSE**:      Admitted.


**REQUEST FOR ADMISSION NO. 2**: Admit that the Company acquired

ExecuTime Software, LLC in 2016.

**RESPONSE**:      Admitted.


**REQUEST FOR ADMISSION NO. 3**: Admit that the Company acquired

ExecuTime Software, LLC in June 2016.

**RESPONSE**:      Admitted.


**REQUEST FOR ADMISSION NO. 4**: Admit that the Company continued to

employ Greene after acquiring ExecuTime Software, LLC.

**RESPONSE**:      Admitted.


**REQUEST FOR ADMISSION NO. 5**: Admit that Greene's title at the Company

was "implementation consultant."

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 6**: Admit that Greene's job duties as a "project manager" and as an "implementation consultant" were substantially identical.

**RESPONSE**:     Denied.

**REQUEST FOR ADMISSION NO. 7**: Admit that the Company is in the business of providing software and technology services to the public sector.

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 8**: Admit that the Company continued to provide services to most of ExecuTime's customers following its acquisition of ExecuTime.

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 9**: Admit that the Company continued to employ most of ExecuTime's employees following its acquisition of ExecuTime.

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 10**: Admit that in 2016, the Company was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207 (a).

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 11**: Admit that in 2017, the Company was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207 (a).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 12**: Admit that during the Relevant Time Period the Company did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 13**: Admit that during the Relevant Time Period the Company did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 14**: Admit that during the Relevant Time Period the Company did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 15**: Admit that during the Relevant Time Period the Company did not employ Plaintiff as a "computer professional" within the meaning of 29 USC § 213(a)(17).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 16**: Admit that during the Relevant Time Period the Company did not employ Plaintiff in the capacity of an "outside salesman" within the meaning of 29 USC § 213 (a).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 17**: Admit that, in her capacity as an "implementation consultant", Greene's "primary duties" (within the meaning of 29 CFR § 541.700) included training customers on the use of ExecuTime time- and attendance-tracking software.

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 18**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) included providing customers with post-training support relating to the use of ExecuTime software.

**RESPONSE**:      Tyler objects to this Request because the phrase "post-training support" is vague and ambiguous.  To the extent a response is required, Tyler denies the Request.

**REQUEST FOR ADMISSION NO. 19**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 20**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 21**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 22**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include did not include a combination of duties described in the three preceding paragraphs, and requiring the same level of skills.

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 23**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include managing the enterprise in which she was employed or a customarily recognized department or subdivision thereof.

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 24**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include directing the work of two or more other employees.

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 25**: Admit that, in her capacity as an "implementation consultant," Greene did not have the authority to hire or fire other employees.

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 26**: Admit that, in her capacity as an "implementation consultant," Greene's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 27**: Admit that, in her capacity as an "implementation consultant," Greene did not have authority to formulate, affect, interpret, or implement management policies or operating practices of her employer or her employer's customers.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 28**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include carrying out major assignments in conducting the operations of the business of her employer or her employer's customers.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 29**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) did not include

work that affected the business operations of her employer or her employer's

customers to a substantial degree.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 30**: Admit that, in her capacity as an

"implementation consultant," Greene did not have authority to commit her

employer or her employer's customers in matters that have significant financial

impact.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 31**: Admit that, in her capacity as an

"implementation consultant," Greene did not have authority to waive or deviate

from established policies and procedures without prior approval.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 32**: Admit that, in her capacity as an

"implementation consultant," Greene did not have authority to negotiate and bind

her employer or her employer's customers on significant matters.

**RESPONSE**:      Denied.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 33**: Admit that, in her capacity as an "implementation consultant," Greene did not have a "primary duty" (within the meaning of 29 CFR § 541.700) of providing consultation or expert advice to the management of her employer or her employer's customers.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 34**: Admit that, in her capacity as an "implementation consultant," Greene was not involved in planning the long- or short-term business objectives of her employer or her employer's customers.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 35**: Admit that, in her capacity as an "implementation consultant," Greene did not investigate and resolves matters of significance on behalf of the management of her employer or her employer's customers.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 36**: Admit that, in her capacity as an "implementation consultant," Greene did not represent the company in handling complaints, arbitrating disputes or resolving grievances.

-10-

US_ACTIVE-148789163.1

**RESPONSE**:       Admitted.

**REQUEST FOR ADMISSION NO. 37**: Admit that, in her capacity as an "implementation consultant," Greene did not have the authority to make independent choices, free from immediate direction or supervision.

**RESPONSE**:       Denied.

**REQUEST FOR ADMISSION NO. 38**: Admit that, in her capacity as an "implementation consultant," Greene's "primary duties" (within the meaning of 29 CFR § 541.700) consisted of applying well-established techniques, procedures. or specific standards described in manuals or other sources.

**RESPONSE**:       Denied.

**REQUEST FOR ADMISSION NO. 39**: Admit that, in her capacity as an "implementation consultant," Greene did not have the "primary duty" (within the meaning of 29 CFR § 541.700) of performing "office or non-manual work directly related to the management or general business operations" of the Company or its customers (within the meaning of 29 CFR § 541.200(a)(2)).

**RESPONSE**:       Denied.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 40**: Admit that, in her capacity as an "implementation consultant," Greene did not have a "primary duty" (within the meaning of 29 CFR § 541.700) that included the "exercise of discretion and independent judgment with respect to matters of significance" (within the meaning of 29 CFR § 541.200(a)(3)).

**RESPONSE**:      Denied.


**REQUEST FOR ADMISSION NO. 41**: Admit that You cannot enumerate or approximate the amount of time Plaintiff spent performing exempt duties within the meaning of 29 CFR § 541.700(b) during the Relevant Time Period.

**RESPONSE**:      Denied.


**REQUEST FOR ADMISSION NO. 42**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of tax (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

-12-

**REQUEST FOR ADMISSION NO. 43**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of finance (within the meaning of 29 CFR § 541.201).

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 44**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of accounting (within the meaning of 29 CFR § 541.201).

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 45**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of budgeting (within the meaning of 29 CFR § 541.201).

**RESPONSE**:     Admitted.

**REQUEST FOR ADMISSION NO. 46**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of auditing (within the meaning of 29 CFR § 541.201).

**RESPONSE**:     Admitted.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 47**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of insurance (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 48**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of quality control (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 49**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of purchasing (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 50**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of procurement (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 51**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of advertising (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 52**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of marketing (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 53**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of research (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 54**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of safety and health (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 55**: Admit that, in her capacity as an

"implementation consultant," Greene did not perform work for the Company in the

functional area of personnel management (within the meaning of 29 CFR §

541.201).

**RESPONSE**:        Admitted.


**REQUEST FOR ADMISSION NO. 56**: Admit that, in her capacity as an

"implementation consultant," Greene did not perform work for the Company in the

functional area of human resources (within the meaning of 29 CFR § 541.201).

**RESPONSE**:        Admitted.


**REQUEST FOR ADMISSION NO. 57**: Admit that, in her capacity as an

"implementation consultant," Greene did not perform work for the Company in the

functional area of employee benefits (within the meaning of 29 CFR § 541.201).

**RESPONSE**:        Admitted.


**REQUEST FOR ADMISSION NO. 58**: Admit that, in her capacity as an

"implementation consultant," Greene did not perform work for the Company in the

functional area of labor relations (within the meaning of 29 CFR § 541.201).

US_ACTIVE-148789163.1

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 59**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of public relations (within the meaning of 29 CFR § 541.201).

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 60**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of government relations (within the meaning of 29 CFR § 541.201).

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 61**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the functional area of computer network, internet and database administration (within the meaning of 29 CFR § 541.201).

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 62**: Admit that, in her capacity as an "implementation consultant," Greene did not perform work for the Company in the

US_ACTIVE-148789163.1

functional area of legal and regulatory compliance (within the meaning of 29 CFR § 541.201).

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 63**: Admit that during the Relevant Time Period neither Plaintiff had a primary duty (within the meaning of 29 CFR § 541.700) that included the exercise of discretion and independent judgment with respect to matters of significance within the meaning of 29 CFR § 541.200.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 64**: Admit that during the Relevant Time Period neither Plaintiff had a primary duty (within the meaning of 29 CFR § 541.700) that included the performance of work directly related to the management or general business operations of the Company's customers within the meaning of 29 CFR 541.201(c).

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 65**: Admit that during the Relevant Time Period, neither Plaintiff had the authority to affect, interpret, or implement

US_ACTIVE-148789163.1

management policies or operating practices, within the meaning of 29 CFR §
541.202.

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 66**: Admit that during the Relevant Time
and Period, neither Plaintiff carried out major assignments in conducing the
operations of the business within the meaning of 29 CFR § 541.202.

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 67**: Admit that during the Relevant Time
and Period, neither Plaintiff performed work that affected business operations to a
substantial degree within the meaning of 29 CFR § 541.202.

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 68**: Admit that during the Relevant Time
and Period, neither Plaintiff had the authority to commit You in matters that have
significant financial impact within the meaning of 29 CFR § 541.202.

**RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 69**: Admit that during the Relevant Time
and Period, neither Plaintiff had the authority to waive or deviate from established

US_ACTIVE-148789163.1

policies and procedures without prior approval within the meaning of 29 CFR §
541.202.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 70**: Admit that during the Relevant Time
and Period, neither Plaintiff had the authority to negotiate or bind the company on
significant matters within the meaning of 29 CFR § 541.202.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 71**: Admit that during the Relevant Time
and Period, neither Plaintiff provided consultation or expert advice to the
Company's management within the meaning of 29 CFR § 541.202.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 72**: Admit that during the Relevant Time
and Period, neither Plaintiff was involved in planning long or short term business
objectives within the meaning of 29 CFR § 541.202.

**RESPONSE**:      Denied.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 73**: Admit that during the Relevant Time and Period, neither Plaintiff investigated or resolved matters of significance on behalf of management within the meaning of 29 CFR § 541.202.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 74**: Admit that during the Relevant Time and Period, neither Plaintiff represented the Company in handling complaints, arbitrating disputes or resolving grievances within the meaning of 29 CFR § 541.202.

**RESPONSE**:      Admitted as to Plaintiff.

**REQUEST FOR ADMISSION NO. 75**: Admit that prior to the end of the Relevant Time Period, You never sought or obtained any written or verbal opinion from the United States Department of Labor or the Georgia Department of Labor as to how Plaintiff or someone in Plaintiff's position should be compensated to comply with the Fair Labor Standards Act.

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 76**: Admit that prior to the end of the Relevant Time Period, You never sought or obtained any legal advice as to how

-21-

Plaintiff or someone in Plaintiff's position should be compensated to comply with the Fair Labor Standards Act.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 77**: Admit that, throughout Plaintiff's employment, the Company did not pay any overtime premiums to Plaintiff for hours worked in excess of 40 hours per week.

**RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 78**: Admit that, throughout Plaintiff's employment, the Company required Plaintiff to meet a billable hour quota.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 79**: Admit that, throughout Plaintiff's employment, the Company billed its customers for work time billed by Plaintiff.

**RESPONSE**:      Denied.

**REQUEST FOR ADMISSION NO. 80**: Admit that the Company implemented an incentive compensation plan applicable to Plaintiff in 2017 as reflected in the document attached hereto as Attachment A.

**RESPONSE**:      Admitted.

US_ACTIVE-148789163.1

**REQUEST FOR ADMISSION NO. 81**: Admit that in March 2019, a job description was posted on the Company's website that was, in substance, as follows:

(1) *Implementation Consultant, ExecuTime*

> ExecuTime™ is a leading time and attendance solution that empowers employees via self-service functionalities and allows supervisors to closely manage overtime, job costing, and labor data through reduces expenses. ExecuTime time assists organizations with the most complex time and seamlessly integrates with payroll software solutions. The Implementation Consultant is responsible for delivering high quality knowledge training to clients allowing them to use Tyler software products efficiently and effectively to achieve daily operations. The incumbent consults and partners with clients to gain a comprehensive understanding of workflow, business/technical requirements and needs to ensure that the knowledge transfer addresses client's needs. The Consultant ensures that the transition to Tyler software is completed according to predetermined timelines and establishes a positive baseline for the new relationship between the client site and Tyler Technologies.

(2) *Location*

> Travel/Home-Based

(3) *Responsibilities*

- Provide professional services such as consultation, software readiness, and education to clients on Tyler software products.
- Design and conduct training sessions on site or through webinars.

US_ACTIVE-148789163.1

- Educate users on software functionality as well as on data entry, system administration, user security, and user permissions.
- Perform consultation/analysis of client business model to identify and document client requirements regarding Tyler products and functionality.

- May recommend options for new approaches in client work processes as appropriate to ensure efficient software solution for the client's needs.
- May identify and document business/technical requirement specifications for specific software design/development, forms, reports, interfaces, process, configuration and other relevant changes.
- May consult with users to identify the proper data mapping process for the product conversion. Provide instruction to clients on proofing and analyzing data conversions from existing software to Tyler applications.
- May create custom reports or customize existing reports to satisfy client requirements. Play an active role in troubleshooting client issues, or work with the Support or Development departments to resolve.
- Keep up to date on administrative tasks such as documenting client issues, communicating agendas, submitting trip reports, timesheets and weekly expense reports, and updating systems-related client activity.
- May assist QA staff with product testing or modification testing as required.
- Notify management and appropriate organization/department of issues or unplanned events that could impact the effectiveness/schedule/budget of the implementation.
- Create both client-facing and internal documentation such as "quick tips" and "how tos".
- Act as liaison between the client and company's technical staff including conveying technical information so that non-technical individuals can understand.

US_ACTIVE-148789163.1

Qualifications

- Bachelor's degree, or comparable work experience.
- Exceptional presentation and training skills.
- Excellent interpersonal and communication skills.
- Familiarity and ease with computer systems and Microsoft Office products.
- Strong problem solving and analytical skills.

  - Ability to travel- 50%
  - Valid driver's license.

Apply Online
Requisition Number: 4518991

**RESPONSE**:        Admitted.

US_ACTIVE-148789163.1

Dated:  August 23, 2019                    /s/ Paulo B. McKeeby
                                           R. Daniel Beale
                                           Georgia Bar No. 043880
                                           dan.beale@dentons.com
                                           Maxwell Jones
                                           Georgia Bar No. 451289
                                           max.jones@dentons.com
                                           Dentons US LLP
                                           303 Peachtree Street, NE
                                           Suite 5300
                                           Atlanta, GA 30308
                                           Telephone: +1.404.527.8489
                                           Facsimile:  +1.404.527.4198

                                           Paulo B. McKeeby
                                           (admitted *pro hac vice*)
                                           TX State Bar No. 00784571
                                           pmckeeby@reedsmith.com
                                           Amanda E. Brown
                                           (admitted *pro hac vice*)
                                           TX State Bar No. 24087839
                                           aebrown@reedsmith.com
                                           **REEDSMITH LLP**
                                           2501 N. Harwood Street
                                           Suite 1700
                                           Dallas, TX 75201
                                           Telephone:  +1.469-680-4200
                                           Facsimile:   +1.469-680-4299

                                           **ATTORNEYS FOR DEFENDANT**

US_ACTIVE-148789163.1