IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SUZANNE GREENE,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **TYLER TECHNOLOGIES, INC.,** <br><br> **Defendant.** | Civil Action No. 1:19-cv-1338-AT |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Suzanne Greene, through the undersigned counsel, hereby files this Reply Brief in Support of her Motion for Partial Summary Judgment, showing the Court as follows:

**1.     Tyler's Failure to Include a Statement of Additional Material Facts**

Defendant Tyler failed to file a Statement of Additional Material Facts with its Response, but then attempts to introduce new purported facts in its Response. This is not only a violation of the Local Rules and this Court's Standing Order, but is also deeply unfair to Plaintiff, especially because Defendant attempts to introduce new facts through its counsel's argument in its Response without citing to the record at all. Plaintiff will not attempt in the limited space of this Brief to rebut the

facts that Defendant did not properly cite or enumerate as it was required to do, and instead asks the Court to strike every factual assertion in Defendant's Response not reflected in Plaintiff's Statement of Material Facts.

**2.    Plaintiff's work was not *directly related* to its customers' general business operations**

It is not enough that an employee's primary duties have *some relationship* to the general business operations of her employer's customers. Rather, her duties must be "*directly related*" to the customer's general business operations. 29 C.F.R. § 541.200(a). As Plaintiff Greene showed in her Motion, her training duties had no direct relationship to the general business operations of the local government entities who are Tyler's customers. Dkt. 57-6, pp. 17-20.

In its Response, rather than meeting Plaintiff's argument head on, Defendant almost completely sidesteps this dispositive issue. Its entire discussion of this issue is limited to the following conclusory remarks:

> [ExecuTime] software directly related to the ability of those clients to meet their payroll obligations to their employees—which Plaintiff, who is claiming she was not correctly compensated, clearly believes is a significant part of a business's operations.

Dkt. 67, pg. 13. Thus, instead of arguing that Plaintiff's training work directly relates the customers' general business operations, Defendant argues that *the software itself* directly relates to those operations. But even if that were true, that's

not what the exemption requires. 29 CFR § 541.200 (". . . primary duty is the performance of office or non-manual **work directly related** to the management or general business operations . . . .") (emphasis added).

Plaintiff Greene did not provide consulting services to Tyler's customers.[1] She did not advise Tyler's customers on what type of software to buy, or what features it should consider purchasing. She did not provide advice about how to improve the customers' operations. In fact, she did not provide advice of any kind other than *how to operate the ExecuTime software itself* according to criteria established before she ever became involved in a project. Dkt. 69-1 (Second Declaration of Suzanne Greene), ¶¶ 9–10, 12, 28–29. In fact, Greene's training materials did not even involve *real employee data*, but rather "dummy data" that Greene used for demonstration purposes (e.g., "Jeff Hourly" and "Sally Supervisor"). Dkt. 69-1, ¶ 28; *see also* Dkt. 57-3 (Video Exhibit of Hendersonville training session).

In their Response to Plaintiff's Statement of Material Facts, Defendant falsely claims that 30(b)(6) designee Hillary Pasch identified an instance where Plaintiff had "provided a specific example of an instance in which Greene made recommendations regarding changes to a client's payroll system." Dkt. 67-1, ¶ 46. In reality, Pasch provided a non-responsive answer to a question about whether she

---

[1] *Cf.* the types of truly exempt administrative duties enumerated in 29 CFR 541.201(b).

could provide such an example. Pasch responded that she was "aware of [Plaintiff] working with clients to say terminated employees . . . are coming over still and that shouldn't be . . . And working with the client directly to trouble-shoot why that was happening." Dkt. 46 at 86:11-18. The response had nothing to do with Greene making recommendations about changing payroll practices, but rather describes a problem the customer encountered with the software populating the names of former employees. In fact, Pasch explicitly admitted that she "do[es]n't have a specific example" of Greene making such recommendations. Dkt. 46 at 90:21.

No matter how much Defendant exaggerates the importance of ExecuTime software and its proper functioning to its customers, or the amount of decision-making that was required of Plaintiff Greene, the fact remains that her primary duties did not in any way *directly relate* to the business operations of Tyler's customers.

The three foreign, unpublished cases that Defendant relies on—Verkuilen, Brooks, and Carbaugh—have already been distinguished in Plaintiff's Response to Defendant's summary judgment motion. Dkt. 69, pp. 15–18. Suffice it to say that none of the employees in those cases had mere training responsibilities and all were deeply involved in higher-level strategic, organizational, and technical decision-making that is wholly absent in this case.

Because Greene's work was not directly related to the general business operations of Tyler's customers, but was merely related to providing instruction on the operation of a piece of software that would later be used by employees who may have had some truly administrative duties, she was not an exempt administrative employee as a matter of law. To hold otherwise would be to entirely disregard the "directly related" requirement.

### 3.  Defendant may not now take the position that Plaintiff's training duties were exempt

In its Response, Defendant for the first time seems to argue that Plaintiff's actual training duties were somehow exempt. While wrong on the merits, the Court should refuse to even consider this argument because it was not raised in discovery. As Plaintiff pointed out in her Motion, when asked to enumerate Plaintiff's exempt duties in discovery, Defendants did not include the actual training duties that took up 60–80% of Plaintiff's workweek. Dkt. 49-1, ¶ 1. Having failed to disclose that theory in support of its administrative exemption defense, Defendant should not now be permitted to argue it. Fed. R. Civ. P. 37(c)(1); *see also Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n*, 595 F.3d 1203, 1210–13 (11th Cir. 2010) (affirming exclusion of evidence relating to legal theory not disclosed in discovery).

### 4. Potential financial losses do not indicate discretion as to "matters of significance"

In its Response, Defendant Tyler repeatedly attempts to confuse the issues in this case by equating the centrality of Plaintiff's work to the operations to Tyler with the "matters of significance" prong of the administrative exemption test. For example, Defendant argues that

> Plaintiff's self-identified primary job duties . . . required interacting with Tyler's clients on matters of importance—the proper implementation of the ExecuTime software. That software directly related to the ability of those clients to meet their payroll obligations to their employees—which Plaintiff, who is claiming she was not correctly compensated, clearly believes is a significant part of a business's operations.

Dkt. 67, pg. 13. This argument fundamentally misconstrues the meaning of "matters of significance" within the meaning of the FLSA's governing regulations. It is emphatically *not sufficient* that an employee's job duties are "important."[2] Rather, the Department of Labor (and courts following it) have concluded that

> [a]n employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to

---

[2] And Plaintiff has never denied that her job was generally "important" to Tyler's business. She was a *production employee* in a revenue-generating position. Of course her work was important. That's simply not relevant.

>matters of significance even though serious consequences may flow from the employee's neglect.

29 C.F.R. 541.202 (f); *see also Watts v. Silverton Mortg. Specialists, Inc.*, 378 F. Supp. 3d 1164, 1172-73 (N.D. Ga. 2019) (same); *Allemani v. Pratt (Corrugated Logistics) LLC*, No. 1:12-CV-00100-RWS, 2014 U.S. Dist. LEXIS 77715, at *30–32 (N.D. Ga. June 6, 2014) (same).

Instead, " 'matters of significance' include responsibilities dealing with matters of broad scope and significant detail that have a profound effect on the employer's business," such as: "matters that have significant financial impact, negotiating and binding the company on significant matters; and planning long- or short-term business objectives." *Allemani*, 2014 U.S. Dist. LEXIS 77715, at *30 (citing *Alvarez v. Key Transp. Serv. Corp.*, 541 F. Supp. 2d 1308, 1313–14 (S.D. Fla. 2008).

None of Plaintiff Greene's job duties even arguably include the types of policymaking or policy-implementing duties that the regulations require. She taught people how to use a computer program, worked with Tyler's customers to schedule their training sessions, and helped those customers with any problems they encountered as a result of user error. That does not directly relate to "matters of significance" within any possible construction of the phrase.

### 5. Plaintiff's Resume

Repeatedly, Defendant harps on Plaintiff's résumé and the vague references to "managing" and "leading" that it contains, as if that were dispositive of the exemption issue. Reading Defendant's brief, one almost forgets that it is Defendant who has the burden of proving the applicability of the exemption, and that it must make an affirmative showing with specific evidence to create a *genuine dispute* of material fact, rather than rely on mere insinuation and tea reading. *Hinson v. Bias*, 927 F.3d 1103, 1115-16 (11th Cir. 2019).

Over and over, courts around the country have rejected the attempts of defendant–employers to turn inflated language in an employee's résumé against her to prove an exemption. As the Sixth Circuit has noted, "resumes may not provide the most accurate picture of an employee's job because resumes are typically designed to enhance the employee's duties and responsibilities in order to obtain a job." *Ale v. TVA*, 269 F.3d 680, 689 n.2 (6th Cir. 2001). Similarly, the Fifth Circuit has explained that language in a résumé—or a company's job description—is not dispositive and should not be considered absent other supporting evidence of *actual duties performed*. *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 305 (5th Cir. 2014) ("The employee's job description, if the company has issued one, is relevant too, although not dispositive, since it may not

reflect the realities of the job"); *see also Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 400–01 (6th Cir. 2004); *Morrison v. Cty. of Fairfax, VA*, 826 F.3d 758, 764 n.4 (4th Cir. 2016) (noting that job descriptions and résumés "are framed at a high level of generality, and thus do not add appreciably to or call into question the more specific evidentiary submissions of the parties.").

Defendants cannot point to any actual instances where Plaintiff Greene actually performed the discretionary tasks with respect to matters of significance that they contend her résumé is evidence of. Without *actual evidence* of Greene performing such duties, Defendant's exemption argument must fail, because it has not carried its burden of proof with a showing of actual affirmative evidence.

**6.     Conclusion**

As shown in the foregoing and in Plaintiff's Motion for Partial Summary Judgment, Plaintiff Greene is entitled to summary judgment on the issues of the FLSA administrative exemption because Defendant Tyler cannot meet its burden of identifying a genuine dispute of material fact based on affirmative evidence. Similarly, she is entitled to summary judgment on the issue of successor liability, which is not disputed. Plaintiff therefore respectfully requests that the Court grant her Motion in its entirety and schedule this action for a trial on damages.

This 18th day of May 2020,

           Respectfully submitted,

           **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

           <u>*s/Matthew W. Herrington*</u>

101 Marietta Street NW     Mitchell D. Benjamin
Suite 2650     Georgia Bar No. 049888
Atlanta, Georgia 30303     Matthew W. Herrington
(404) 979-3171     Georgia Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com     Counsel for Plaintiff
matthew.herrington@dcbflegal.com

## Certification of Compliance

Pursuant to LR 7.1, NDGa, I certify that the foregoing brief was prepared using Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

           <u>*s/Matthew W. Herrington*</u>
           Matthew W. Herrington
           Georgia Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SUZANNE GREENE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 1:19-cv-1338-AT |

### CERTIFICATE OF SERVICE

I certify that on this date I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: May 18, 2020

*s/Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411
