IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SUZANNE GREENE,** | |
| **Plaintiff,** | |
| vs. | Civil Action No. 1:19-cv-1338-AT |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

**JOINT MOTION FOR FLSA SETTLEMENT APPROVAL**

Plaintiff Suzanne Greene ("Plaintiff") and Defendant Tyler Technologies, Inc., ("Defendant") (collectively, the "Parties") jointly move the Court for an order approving their FLSA Settlement Agreement as follows:

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves a claim for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Following discovery, the Parties filed cross motions for summary judgment, and, on March 16, 2021, the Court granted summary judgment in favor of Plaintiff. [Dkt. 82] The Court ordered the Parties to mediation, but they were able to reach a resolution prior to the scheduled date. The Parties now present their Settlement Agreement to the Court

for review and approval as required by *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).[1]

At present, Defendant is currently in litigation in an FLSA collective action in which the plaintiffs, like Plaintiff here, allege that they were mis-classified and entitled to overtime compensation. *Kudatsky et al. v. Tyler Technologies, Inc.*, 3:19-cv-07647-WHA (N.D. Cal.). After the collective in *Kudatsky* was certified on a preliminary basis, notice was sent out to prospective class members and 61 one employees and former employees opted to join the lawsuit. The *Kudatsky* case has proceeded through discovery and currently is set for trial on June 1, 2021. The parties in that case are scheduled to participate in a settlement conference with the magistrate judge on April 19, 2021.

## II.     ARGUMENT

### A.     Standard for Court Approval of FLSA Settlements

There are two ways in which claims under the FLSA can be settled and released by employees. First, section 16(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C.

---

[1] The Parties' Settlement Agreement, which is confidential, is being submitted to the Court separately for *in camera* review (see discussion below).

§ 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Courts must review proposed FLSA settlements to determine whether they represent "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.

If the Court finds that the criteria have been fulfilled, it may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of the plaintiff's success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of counsel.

*See Leverso v. S. Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (citing with approval factors used by district court to determine whether class action settlement was fair and reasonable); *see also Carmen Martinez v. Excel Hosp., LLC*, No. 1:16-cv-1493, 2017 WL 359818, at *2 (N.D. Ga. Jan. 24, 2017); *Howard v. Peachtree Serv. Experts, LLC,* No. 1:09-cv-0935, 2009 WL 10671044, at *2 (N.D. Ga. Aug. 13, 2009). There is a strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th

Cir. 1977)); *see also Carmen,* 2017 WL 359818, at *2; *Howard,* 2009 WL 10671044, at *2.

While courts in this Circuit typically will not approve confidential FLSA settlements, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010), this Court has recognized that such a resolution may be reasonable in exceptional circumstances. *Hart v. WBY, Inc. d/b/a Follies et al.*, No. 1:15-cv-67-AT, Dkt. 24 (N.D. Ga. July 23, 2015) ("The Court also finds that exceptional circumstances warrant maintaining the confidentiality of the Settlement Agreement.").[2] As is shown below, such exceptional circumstances are present in this case.

**B.     The Parties' FLSA Settlement Should be Approved as Fair**

The Court should approve the Parties' Settlement Agreement as reasonable and fair. The proposed settlement arises out of an action brought by the Plaintiff against her former employer and was adversarial in nature. During the litigation and

---

[2] While the Court's order approving the settlement agreement in *Hart* does not explain the nature of the "exceptional circumstances," Plaintiff's present counsel represented the plaintiff in *Hart* and are aware that the nature of those exceptional circumstances was the fact that the defendants were simultaneously negotiating a settlement in a related FLSA action and believed that a public settlement with the plaintiff would have compromised their ability to negotiate effectively. These concerns were discussed with the Court during a telephonic conference.

settlement of this action, Plaintiff and Defendants were represented by experienced counsel.

The Parties agreed that the instant action involved disputed issues. While the Court has ruled on Defendant's administrative exemption defense, Defendant is foregoing its right to appeal that ruling. Moreover, the number of overtime hours worked remains a matter of bona fide dispute: Plaintiff's estimates of her hours worked rely primarily on her own recollection and are not clearly reflected in any documents. For that reason, the amount of Plaintiff's recovery at trial is far from certain. Plaintiff represents that she is satisfied with the monetary terms reached in the Parties' Settlement Agreement and that it falls within a range of values that a jury likely might return.[3]

The Parties are resolving this matter in order to avoid the cost and time of continuing with this litigation through trial, as well as to avoid the risks that both Parties would face at trial. Plaintiffs' counsel represent that the attorney's fees they will recover under the Settlement Agreement are lower than the actual fees they earned at their regular hourly rates, which have been approved by this Court as

---

[3] The Parties will separately provide chambers with a confidential communication explaining the approximate percentage of Plaintiff's own high-end estimate of her damages that she will recover under the terms of the Settlement Agreement.

reasonable on numerous occasions.[4] Should the Court wish to review Plaintiff's counsel's billing records, they will happily provide those, but would prefer to do so *in camera* if possible.

The Parties' Settlement Agreement, which is being submitted to the Court for *in camera* review, contains a confidentiality provision extending only to the amount of the settlement itself, and not to the underlying facts regarding the conditions of Plaintiff's employment.[5] Because of the limited nature of the confidentiality provision and because other employees and former employees have been provided with a court-approved notice of lawsuit in the *Kudatsky* action, the public policy concerns that typically weigh against confidentiality in FLSA settlements are

---

[4] *See Kelly v. BNFocus 3D Trucking, LLC et al.*, No. 1:20-cv-02781-WMR, Dkt. 19 (N.D. Ga. Oct. 15, 2020) (approving partner rates of $425, senior associate rate of $350, senior paralegal rate of $165, and paralegal rate of $125); *Ogier v. M-Entertainment Properties, LLC, et al.*, No. 1:19-cv-372-TWT, Dkt. 50 (N.D. Ga. May 15, 2020); *Weakland et al. v. Unique Refinishers, Inc. et al.*, No. 1:19-cv-2581-MHC, Dkt. 86 (N.D. Ga. March 23, 2021); *Jackson et al. v. American Disposal Service of Georgia, Inc.*, No. 1:19-cv-4428-AT, Dkt. 33 (N.D. Ga. July 30, 2020); *Cooper et.al., v. Parker Promotions, Inc.*, No. 4:17-cv-116-CDL, Dkt. 65 (M.D. Ga. August 6, 2019) (Columbus, Georgia) (old associate rate of $325 per hour, other rates identical); *Moore v. Americus Restaurant Group, Inc.*, No. 1:17-cv-107(WLS), Dkt. 21 (M.D. Ga. October 6, 2017) (Albany, Georgia) (same); *Haddock v. Jasper County, Georgia*, No. 5:18-cv-292-MTT, Dkt. 14 (M.D. Ga. June 13, 2019) (Macon, Georgia) (same).

[5] *See* Settlement Agreement § 9 ("It is further understood that this Section is not intended to restrict Plaintiff's legal right to discuss the terms and conditions of her employment.").

mitigated here. On the other hand, if confidentiality were not approved in this case, it could complicate and potentially frustrate resolution of the *Kudatsky* action.

The Parties' Settlement Agreement reflects a reasonable compromise of the disputed issues. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Counsel for both Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. Plaintiff's counsel will be compensated fairly but not excessively and Plaintiff's recovery falls within the range of outcomes that are possible at trial.

### III. CONCLUSION

Based on the foregoing, the Parties request that the Court approve their Settlement Agreement and administratively close this action pending dismissal by Plaintiff upon full payment. The Parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for their own attorneys' fees and costs associated with this action.

Respectfully submitted this 12th day of April 2021,

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** | **REED SMITH LLP** |
| *s/Matthew W. Herrington* | *s/ Amanda E. Brown* |
| Mitchell D. Benjamin | Paulo B. McKeeby |
| Georgia Bar No. 049888 | Texas Bar No. 00784571 (*Pro Hac Vice*) |
| benjamin@dcbflegal.com | pmckeeby@reedsmith.com |

| | |
|---|---|
| Matthew W. Herrington | Amanda E. Brown |
| Georgia Bar No. 275411 | Texas Bar No. 24087839 (*Pro Hac Vice*) |
| matthew.herrington@dcbflegal.com | aebrown@reedsmith.com |
| | |
| 101 Marietta Street NW | 2850 N. Harwood St. |
| Suite 2650 | Suite 1500 |
| Atlanta, Georgia 30303 | Dallas, TX 75201 |
| (404) 979-3171 | Telephone: +1.469.680.4200 |
| (404) 979-3170 (f) | Facsimile: +1.469.680.4299 |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

## Certification of Compliance

Pursuant to LR 7.1, NDGa, I certify that the foregoing brief was prepared using Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

*s/Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-1338-AT |

### CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Date: April 12, 2021

*s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
